24559. McCURRY v. BAILEY.

ARGUED APRIL 8, 1968—DECIDED APRIL 23, 1968.

*Allen & Baker, James C. Abernathy, T. M. Allen, Jr., Verlyn C. Baker,* for appellant.

*Kenneth Gilchrist,* for appellee.

DUCKWORTH, Chief Justice. While the application for certiorari presses the contention that the Court of Appeals erred in deciding the case because of the death of the defendant, yet we believe no good purpose would be served by ruling on that question since we are reversing the judgment of that court which reversed the trial court's denial of a summary judgment.

■ The heart of the case is the ruling by the Court of Appeals that the trial court erred in refusing to enter a summary judgment. We hold that the evidence showed the nature of the collision, and the position of the body of the defendant under the steering wheel of the vehicle was enough to make an issue of fact as to who was driving at the time; and the testimony of the defendant that the deceased was driving is not enough to cancel these circumstances and to settle as a matter of law that the deceased was driving. All this presented a situation where only a jury could say who was driving. *Myers v. Phillips,* 197 Ga. 536, at page 542 (29 SE2d 700), cited by the Court of Appeals does not support its ruling. In that case, Justice Grice said: "Circumstantial evidence from which the existence of a fact might be inferred, but which did not demand a finding for the plaintiff to that effect, will not support a verdict, *when* by positive and uncontradicted testimony of *unimpeached* witnesses, which was *perfectly consistent with the circumstantial evidence,* relied on by the plaintiff it was affirmatively shown that no such fact existed." (Emphasis supplied.) This is an instance too often occurring where a perfectly sound pronouncement is applied to a vitally different factual situation. The rule as written by Mr. Justice Grice is that the positive and uncontradicted testimony by unimpeached witnesses was "perfectly consistent with the circumstantial evidence," while here the utter irreconciliable conflict between the positive testimony and the indisputable physical facts is too glaring to permit of doubt. The very "guts" of the question is on the one hand unquestionably the inert body of the defendant in the driver's position, and on the other the defendant who is interested in the outcome testifying that the

deceased was driving. Was he telling the truth? Circumstances say no. Does this contradiction yield to determination as a matter of law, or rather does it call for a jury verdict of men who are acquainted with the facts of life? We unhesitatingly hold that such a conflict is beyond the reach of mere judicial decision and can be resolved only in the American way—by the verdict of twelve jurors. The only human resolution of such conflicts can, under our jurisprudence, be made by a jury who alone can impeach, who alone can judge credibility, and who alone can decide issues of fact. They might in their wisdom growing out of human experience lawfully say the physical fact as to the position of the defendant's body under the steering wheel outweighs his contrary testimony as an interested party, or contrariwise. Judges are not under our Constitution invested with authority to usurp this power which is reserved by law to the jury.

■ We also hold that a showing was made by the party opposing the motion as to an identified witness and not as to an unknown witness as the Court of Appeals states, and the affidavit is not subject to the criticism that it failed to say what such witness would testify to. It is more creditable because it observed a sense of truth and honesty by refusing to recklessly explain what he would say when obviously the affiant did not know. It did say he was the driver of the tractor-trailer involved in the collision, and as such he should certainly be able to tell the court something about the collision which occurred. It was a solid basis for the exercise of discretion authorized under *Code Ann.* § 81A-156 (f) (Section 56 of the Civil Practice Act of 1966, as amended; Ga. L. 1966, pp. 609, 660; Ga. L. 1967, pp. 226, 238).

Therefore, we reverse the Court of Appeals for the two-fold reason that: (1) the evidence before the court made an issue of fact, and hence the refusal of a summary judgment was erroneously reversed, and (2) the showing that an absent eyewitness could be produced for the trial would likewise justify the denial of a summary judgment.

*Judgment reversed. All the Justices concur.*