### 47891. PROCESS POSTER, INC. v. MULTI-COLOR PROCESS COMPANY.

QUILLIAN, Judge. The appellee filed a claim against the appellant alleging that the appellant had failed to pay the purchase price of bumper strips which the appellant purchased from the appellee. The case came on for trial and resulted in a judgment for the appellee. *Held:*

The appellant contends the agreed purchase price of the bumper stickers was 3.7 cents per unit. The appellant bases this

contention on the testimony of Mr. Speir, president of the appellant corporation, that he and Mr. Connally, the appellee's agent, made a verbal agreement that the price would be 3.7 cents per unit. There were two other witnesses that testified they heard the conversation between Mr. Speir and Mr. Connally, and Mr. Speir was correct as to what price was agreed to.

The appellee contended that no certain purchase price was agreed to at the time the order for the bumper strips was placed. There was evidence that: between July 24 and August 10, 1970, appellant ordered from appellee a quantity of "Ronald Mc-Donald" bumper strips. On July 24, 1970, appellant, by letter, placed an order for a quantity of bumper strips. This letter made no reference to the price. Subsequently, appellant, by telephone, placed another order for a quantity of bumper strips. During this conversation, nothing was said as to price. 169,200 bumper strips were manufactured by appellee and were shipped to and used by appellant. After appellant's orders were received by appellee, appellee prepared its own order for internal business purposes. Each order went to the pricing department and a price for the bumper strips was set with respect to each order by Bob Connally, who is the salesman involved in obtaining these orders from appellant. The price of the shipment for the initial, written order submitted by appellant was set subsequent to its receipt by Bob Connally at $.046 per unit and for the subsequent verbal order at $.045 per unit for an ordinary shipment and $.054 per unit for a special rush shipment. Subsequent to the shipment of the bumper strips by appellee to appellant, appellee sent invoices to appellant at the prices set by Mr. Connally. Appellant first received invoice A-7201, which called for payment for 75,000 bumper strips at a unit price of $.046. It subsequently received three other invoices from appellee, which were invoices relating to the second, verbal order from appellant. These invoices were numbers A-7436 for 27,200 bumper strips at a unit price of $.054, A-7577 for 32,500 bumper strips at a unit price of $.045 and A-7386 for 34,500 bumper strips at a unit price of $.054.

The last three invoices were paid and approved by the president of appellant corporation. The first invoice was not paid and is the subject of this claim.

The appellant argues that there was direct testimony that the agreed price was as he contends because of its president's testimony and the other two witnesses as to the oral agreement as to the price. The appellant states that the appellee's evidence

is circumstantial and circumstantial evidence from which the existence of a fact might be inferred but which does not demand the finding to that effect, will not support a verdict when by positive and uncontradicted testimony of unimpeached witnesses, consistent with the circumstantial evidence relied on, it was affirmatively shown that no such fact existed. *Lankford v. Holton,* 187 Ga. 94 (200 SE 243); *Myers v. Phillips,* 197 Ga. 536, 542 (29 SE2d 700).

While the principle of law stated by the appellant is correct it does not apply to the present case because the positive testimony of the appellant is not consistent with the circumstantial evidence of the appellee, therefore the evidence was sufficient to support the verdict. *Pantone v. Pantone,* 206 Ga. 305 (2) (57 SE2d 77). See *McCurry v. Bailey,* 224 Ga. 318, 319 (162 SE2d 9).

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

SUBMITTED FEBRUARY 5, 1973 — DECIDED APRIL 13, 1973 — REHEARING DENIED MAY 1, 1973.

*Ross & Finch, I. J. Parkerson,* for appellant.
*Nall, Miller & Cadenhead, Robert B. Hocutt,* for appellee.