## 49435. WEST POINT PEPPERELL, INC. v. KNOWLES et al.

ARGUED MAY 28, 1974 — DECIDED JUNE 28, 1974.

*Lovejoy, Mayer, Allen & Quillian, Jerry Willis,* for appellant.

*Dennis & Fain, Douglas Dennis, J. Madden Hatcher, Jr.,* for appellees.

QUILLIAN, Judge.

1. The issue for determination is whether Barnes, National's employee, was at the time of the collision acting in the prosecution of his master's business and within the scope of his employment. The appellees contend that Barnes was at the time of the collision on an entirely personal mission which was completely disconnected from his employment. The appellant takes the position that Barnes deviated from his duties but that at the time of the collision the temporary departure had ended and he had re-entered the scope of his employment.

Where a vehicle is involved in a collision, and it is shown that the automobile is owned by a person, and that the operator of the vehicle is in the employment of that person, a presumption arises that the employee was in the scope of his employment at the time of the collision, and the burden is then on the defendant employer to show otherwise. *Dawson Motor Co. v. Petty,* 53 Ga. App. 746, 749 (186 SE 877); *Brennan v. National NuGrape Co.,* 106 Ga. App. 709, 711 (128 SE2d 81).

(a) The first question which must be answered is whether Barnes was acting within the scope of his employment when he left his home and proceeded to the truck stop to purchase fuel for the tractor. There was evidence that National was aware that Barnes would take rest stops at his home when he was making trips for National. Barnes testified that when he left his home

with his wife he was not on any company business. However, he later testified that he had left his home for two reasons, one to take his wife for a ride and the other was to obtain fuel for the tractor. As held in *Jones v. Dixie Ohio Express,* 116 Ga. App. 155, 156 (156 SE2d 388): "The test is not that the act of the servant was done during the existence of the employment — that is to say, during the time covered by the employment — but whether it was done in the prosecution of the master's business; whether the servant was at that time engaged in serving his master." The question of whether or not a servant was acting in the prosecution of his master's business and in the scope of his employment is for determination by the jury except in plain and indisputable cases. See *Pratt v. Melton,* 107 Ga. App. 127, 133 (129 SE2d 346); *Jump v. Anderson,* 58 Ga. App. 126, 128 (197 SE 644); *Columbia Drug Co. v. Cook,* 127 Ga. App. 490, 492 (2) (194 SE2d 286).

This evidence presented an issue of fact for a jury as to whether Barnes was acting for his employer at the time he was traveling to the truck stop to obtain the fuel for the tractor. While it is true that the collision did not occur while Barnes was en route to the truck stop, a determination of this issue is necessary to reach the final decision of this case.

(b) It is clear that after reaching the truck stop and while proceeding to the mill to visit with his father-in-law and friends, Barnes was not within the scope of his employment.

(c) Assuming but not deciding that Barnes was acting in the prosecution of his employer's business while en route to the truck stop to obtain fuel, it then becomes necessary to decide whether he was within the scope of his employment when he left the mill and was returning to his home.

Without question Barnes deviated from his employment when he went to the mill to visit. It now must be decided whether Barnes after having departed from his employment in going to the mill had re-entered the scope of his employment when he started to his home. *Atlanta Furniture Co. v. Walker,* 51 Ga. App. 781 (1) (181 SE 498). If Barnes was within the scope of his employment while en route to the truck stop to obtain

fuel he would have also been acting for his employer while en route home, if he had gone directly home after reaching the truck stop. However, in the case sub judice, Barnes did not go directly home from the truck stop. Therefore, under the facts of this case there was an issue of fact as to whether at the time of the collision, while en route home, Barnes had re-entered the scope of his employment and was acting in his employer's behalf. *Adams v. U. S. Fidelity & Guaranty Co.,* 125 Ga. App. 232 (186 SE2d 784); *Atlanta Furniture Co. v. Walker,* 51 Ga. App. 781, supra; *Curtis v. Royal Indemnity Co.,* 101 Ga. App. 158 (112 SE2d 819); *Wicker v. Fidelity & Casualty Co. of N. Y.,* 59 Ga. App. 521, 523 (1 SE2d 464).

The granting of the motions for summary judgments was error.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*