## 50515. FLETCHER EMERSON MANAGEMENT COMPANY v. DAVIS.

Quillian, Judge.

Defendant appeals from an order of the trial court granting a motion for summary judgment in favor of plaintiff. Plaintiff solicited the Fletcher Emerson Management Company of Atlanta and Houston, Texas, for a contract to landscape "Emerson Center" in Atlanta. Plaintiff's second request was approved by John Moore, vice-president of defendant, with directions to "Ship to Fletcher Emerson Management Company . . . to be used for Emerson Center." Business was conducted on an open

account method, with a total amount being due of $37,683.44. All but $11,795.43 has been paid by defendant. On May 20, 1974, Mr. Roland Burrows, president of Fletcher Emerson Management Company, forwarded a letter from Houston, Texas, to plaintiff that "Fletcher Emerson Management Company will not be responsible for any further purchases for Emerson Center. All invoices in the future should be made in favor of Atlanta Venture No. 1. . ." Plaintiff alleged in his complaint that he had fulfilled performance of his contract with defendant prior to receipt of this letter and that prior to its receipt he had no knowledge of the existence of Atlanta Venture No. 1, nor did plaintiff have any knowledge that defendant was acting on behalf of Atlanta Venture No. 1. Plaintiff moved for summary judgment and filed two affidavits in support of his complaint which denied knowledge of the claimed agency of the defendant. Defendant countered with the affidavit of John E. Moore, which stated in pertinent part that "It was my policy and practice to explain to any party coming into business . . . with Defendant. . . that Defendant Fletcher Emerson Management Company was a property management agency which managed property and acted as agent on behalf of property owners and that as to the Emerson Center, defendant was not the owner but, as evidenced by its name, was acting on behalf of the owners of Emerson Center as the management company retained by the ownership group . . . I have no recollection of departing from this practice and procedure in regards to Plaintiff and I would recall any such departure." The trial court granted summary judgment for plaintiff.

1. Defendant denies responsibility for the balance due on the open account on the basis that it was an agent acting on behalf of a principal — Atlanta Venture No. 1. It is well established law that if an agent wishes to avoid personal liability on a contract, the duty is on him to disclose his agency and not on the party with whom he is dealing to discover the agency. *Clonts v. Associated Dist., Inc.,* 132 Ga. App. 558 (208 SE2d 570). Whether or not the fact of the agency and identity of the principal were disclosed or known to the other contracting party is a question of fact which may be shown by direct or

circumstantial evidence. *Chambliss v. Hall,* 113 Ga. App. 96 (147 SE2d 334). The fact that the agent uses a trade name is one factor to be considered. Defendant's trade name does indicate that it is a "management company." A trade name may be used under such circumstances that agency may be sufficiently disclosed. *Brown-Wright Hotel Supply Corp. v. Bagen,* 112 Ga. App. 300, 303 (145 SE2d 294); *Chambliss v. Hall,* supra, p. 100.

2. The affidavit of Mr. Moore included a statement regarding his "policy and practice" to disclose his agency and identify his principal when dealing with other parties. This is circumstantial evidence of disclosure of his agency. Although a witness may have no distinct or independent recollection of the details of a fact occurring in the course of the routine of his business, he may testify as to his fixed and uniform habit in such cases and state that he knows that he did not vary from that habit. *Leonard v. Mixon,* 96 Ga. 239 (23 SE 80); *Interstate Life &c. Co. v. Whitlock,* 112 Ga. App. 212 (144 SE2d 532). The probative value of such evidence is for the jury to determine. *Daniel v. State,* 130 Ga. App. 548, 549 (203 SE2d 736); *Leonard v. Mixon,* supra, p. 241.

3. The cardinal rule of the summary judgment procedure is that the court can neither resolve the facts nor reconcile the issues, but can look only to ascertain if there is an issue. *Bagley v. Firestone Tire &c. Co.,* 104 Ga. App. 736 (123 SE2d 179); 3 Barron & Holtzoff, Fed. Prac. & Proc., 96, § 1231. The movant has the burden of showing the absence of any genuine issue of material facts. *Raven v. Dodd's Auto Sales &c., Inc.,* 117 Ga. App. 416 (160 SE2d 633). In the instant case, for movant to prevail he had to prove his lack of knowledge that defendant was acting as an agent. He submitted evidence of this fact in two affidavits. Defendant contested the issue of lack of knowledge with an affidavit attesting to the established custom and procedure to disclose the agency and the principal. Knowledge can be proved by circumstantial evidence, even though the movant denies actual knowledge. *Thompson v. Bolton Chev. Co.,* 125 Ga. App. 369 (187 SE2d 574).

4. Appellee contends that although there may be circumstantial evidence of the fact of knowledge, "in

passing upon a Motion for Summary Judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." Citing, *Helms v. Young,* 130 Ga. App. 344, 348 (203 SE2d 253) and *Ussery v. Koch,* 115 Ga. App. 463 (154 SE2d 879). This contention is a variant of the rule of *Myers v. Phillips,* 197 Ga. 536, 542 (29 SE2d 700), which held: "Circumstantial evidence from which the existence of a fact might be inferred, but which did not demand a finding for the plaintiff to that effect, will not support a verdict, when by positive and uncontradicted testimony of un-impeached witnesses, which was perfectly consistent with the circumstantial evidence relied on by the plaintiff, it was affirmatively shown that no such fact existed." However, as explained in *McCurry v. Bailey,* 224 Ga. 318, 319 (162 SE2d 9), "[t]his is an instance too often occurring where a perfectly sound pronouncement is applied to a vitally different factual situation." In the instant case, as in *McCurry,* the circumstantial evidence is not "consistent" with the testimony of the witnesses but is "inconsistent." Therefore, *Helms, Ussery,* and *Myers* are inapposite. See *Process Poster, Inc. v. Multi-Color Process Co.,* 129 Ga. App. 25 (198 SE2d 386). Applying the rule that the party opposing the motion for summary judgment is entitled to all reasonable doubts and favorable inferences that may be drawn from the evidence (*Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442)), where there is some evidence — albeit circumstantial, from which a jury may infer actual knowledge of the existence of an agency, and this circumstantial evidence is in conflict with direct evidence of the movant, this conflict is sufficient to raise an issue required to be submitted to the triers of fact and the court erred in granting summary judgment to the plaintiff. *Thompson v. Bolton Chev. Co.,* 125 Ga. App. 369, supra.

*Judgment reversed. Pannell, P. J., and Clark, J., concur.*

ARGUED APRIL 8, 1975 — DECIDED MAY 1, 1975.

*Jones, Bird & Howell, Arthur Howell, III,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, John J. Dalton, William G. McDaniel,* for appellee.