## 56604. BARNES v. ALLEN KANE'S MAJOR DODGE, INC. et al.
## 56605. ALLEN KANE'S MAJOR DODGE, INC. v. BARNES.

SMITH, Judge.

In the main appeal, we reverse the grant of summary judgment for the defendant on the respondeat superior issue; in the cross appeal, we affirm the denial of defendant's motion for summary judgment on the negligent entrustment issue.

An alleged collision between an automobile driven by Underhill and a motorcycle driven by Barnes gave rise to this litigation. Barnes, rendered paraplegic by the injuries he sustained, sued Underhill as well as Allen Kane's Major Dodge, Inc., Underhill's employer and the owner of the vehicle involved in the alleged collision. Two theories were proposed for holding Major Dodge liable: (1) At the time of the accident, Underhill was Major Dodge's servant acting within the course and scope of his employment; and (2) Major Dodge was negligent in selecting, hiring, and retaining Underhill and in entrusting him with an automobile. As to both theories we find within the record genuine issues of material fact; hence, summary judgment in Major Dodge's favor on either theory would be inappropriate. Therefore, the grant of summary judgment on the first theory is reversed and the denial on the second is affirmed.

I. *The Main Appeal — Respondeat Superior*

The evidence in this case, construed as it must be against the movant for summary judgment, would authorize a fact finder to conclude that a master-servant relationship existed at the time of the accident. Underhill was employed by Major Dodge as a commission-basis salesman, and he was furnished an automobile for personal transportation as part of the consideration for his employment. The alleged accident occurred after the

dealership's business hours as Underhill engaged in an apparently personal pursuit of nocturnal bar-hopping. Although Underhill was without authority to consummate the sale of a vehicle other than at the dealership's premises during regular business hours, he was allowed to solicit prospective purchasers at any time, and the evidence suggests that salesmen like Underhill were provided with an automobile at least partially for that reason.

Under the holdings of this court in *Ayers v. Barney A. Smith Motors,* 112 Ga. App. 581 (145 SE2d 753) (1965), and *Pest Masters, Inc. v. Callaway,* 133 Ga. App. 123 (210 SE2d 243) (1974), the above evidence is clearly sufficient to overcome a motion for summary judgment in the defendant's favor on the respondeat superior question. First, two facts — Major Dodge owned the automobile, and its employee was driving it at the time of the collision — are sufficient to raise a presumption that Underhill was operating the automobile within the scope of his employment. *West Point Pepperell v. Knowles,* 132 Ga. App. 253 (1) (208 SE2d 17) (1974). The presumption thus created is overcome as a matter of law only by "clear, positive, and uncontradicted [evidence] that the servant was not at the time in the prosecution of his master's business or acting within the scope of his employment." *Abelman v. Ormond,* 53 Ga. App. 753, 761 (187 SE 393) (1936). And such evidence is not uncontradicted if the plaintiff introduces, in addition to the evidence which gave rise to the presumption, *any* additional evidence tending to establish a master-servant relationship at the time of the accident. *F. E. Fortenberry & Sons v. Malmberg,* 97 Ga. App. 162 (102 SE2d 667) (1958).

In *Ayers v. Barney A. Smith Motors,* 112 Ga. App. 581, 583, supra, we expressly held that one such additional circumstance sustaining the presumption is the salesman's "unrestricted authority to solicit prospective purchasers," even after ordinary business hours. Such evidence was present here. We conclude here as we did in *Ayers:*

"Under these facts and circumstances a jury could, as stated in the *Fortenberry* case, supra, at p. 166, 'legitimately infer that the servant was acting within the

scope of his employment . . . even though the master and servant positively testify that what he was doing was without the scope of his employment.' It cannot be said, therefore, under the record in this case that a finding was demanded for the employer on this issue, which 'is generally one for the jury.' "

II. *The Cross Appeal — Negligent Entrustment*

In his original complaint Barnes asserted the negligent entrustment theory; by amendment he later asserted a negligent selection/hiring/retention theory. We find material issues of fact as to both theories; hence, the trial court correctly denied the motion for summary judgment directed against them.

To sustain an action based on negligent entrustment of an automobile, the plaintiff will be required to show the defendant had actual knowledge of recklessness or incompetence on the part of the person to whom he entrusted his automobile. *Pugmire Lincoln-Mercury v. Sorrells,* 142 Ga. App. 444 (236 SE2d 113) (1977); *Hines v. Bell,* 104 Ga. App. 76 (120 SE2d 892) (1961). There is evidence here which supports an inference that Major Dodge had actual knowledge of Underhill's reckless propensities. Major Dodge did make an inquiry into Underhill's driving record, and it was shown that prior to the time of this inquiry Underhill had been ticketed twice for speeding, once for running a red light, and once for laying drags. A jury could infer that Major Dodge's inquiry turned up these facts. Furthermore, management personnel at Major Dodge had seen Underhill consuming alcoholic beverages on occasion, including the night of the accident involved here. Following the accident here, Underhill pleaded guilty to several charges, including speeding, driving under the influence, and laying drags. From the sum of this evidence, a jury could find that there was actual knowledge of Underhill's reckless propensities, that these propensities were direct causative factors in the accident here, and, consequently, that Major Dodge's entrustment of an automobile to Underhill was negligent and was a proximate cause of Barnes' injuries. The denial of summary judgment was correct.

Code § 66-301 places on an employer the duty "to

exercise ordinary care in the selection of servants, and not to retain them after knowledge of incompetency." For much the same reasons as stated above, this theory properly withstands summary judgment attack in this case. *C. K. Security Systems v. Hartford Acc. &c. Co.*, 137 Ga. App. 159 (223 SE2d 453) (1976).

*Judgment reversed in Case No. 56604; Judgment affirmed in Case No. 56605. Deen, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 13, 1978 — DECIDED NOVEMBER 16, 1978 — REHEARING DENIED DECEMBER 5, 1978 — 

*Long, Weinberg, Ansley & Wheeler, Charles E. Walker, Dan B. Wingate, J. M. Hudgins, IV, John H. Stanford, Jr.*, for appellant.

*Donald M. Fain, Nicholas C. Moraitakis*, for appellees.