## 34595. ALLEN KANE'S MAJOR DODGE, INC. v. BARNES.

BOWLES, Justice.

The facts of this case are fully stated in the opinion rendered by the Court of Appeals at 148 Ga. App. 332 (250 SE2d 876) (1978) but in brief follow: The case arises out of an alleged collision between one Underhill and the plaintiff, Barnes. Underhill was a car salesman working for Allen Kane's Major Dodge, Inc. (hereinafter, Allen Kane) and, at the time of the collision, he was driving a used car owned by Allen Kane which he was permitted to use as personal transportation. Plaintiff sued Underhill in negligence and joined Allen Kane on two theories — respondeat superior and negligent entrustment. The trial court granted Allen Kane's motion for summary judgment on the theory of respondeat superior but denied summary judgment on negligent entrustment. Appeal to the Court of Appeals brought about a reversal of the trial court's grant of summary judgment on respondeat superior and an affirmance of the trial court's denial of

summary judgment on negligent entrustment. We granted certiorari on division one of the opinion of the Court of Appeals to examine the law of respondeat superior in this area. Having done so, we reverse the decision of the Court of Appeals in division one.

The general rule of respondeat superior follows: When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master. *Nichols v. G. L. Hight Motor Co.,* 65 Ga. App. 397 (15 SE2d 805) (1941); *West Point Pepperell v. Knowles,* 132 Ga. App. 253 (208 SE2d 17) (1974). "Where a vehicle is involved in a collision, and it is shown that the automobile is owned by a person, and that the operator of the vehicle is in the employment of that person, a presumption arises that the employee was in the scope of his employment at the time of the collision, and the burden is then on the defendant employer to show otherwise." *West Point Pepperell v. Knowles,* supra, at 255. See also, *Dawson Motor Co. v. Petty,* 53 Ga. App. 746 (186 SE 877) (1936). This must be done by clear, positive and uncontradicted evidence. *Massey v. Henderson,* 138 Ga. App. 565 (226 SE2d 750) (1976), affd. 238 Ga. 217 (232 SE2d 53) (1977).

At the time of the summary judgment hearing, the trial court had the uncontradicted affidavit of Underhill that at the time of the collision (late at night) he was engaged in a purely personal mission — i. e. barhopping — and was not attempting to further Allen Kane's business in any manner. The question then is, is that sufficient for the grant of summary judgment in favor of Allen Kane?

The general rule with regard to motions for summary judgment is: "When a motion for summary judgment is made and supported by evidence outside the pleadings, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific *facts* showing that there is a genuine issue for trial." *Meade v. Heimanson,* 239 Ga. 177, 178 (236 SE2d 357) (1977). (Emphasis supplied.)

Cases involving car salesmen and the issue of respondeat superior are a breed in and of themselves. See

53 ALR2d 658 and 51 ALR2d 120. Because information about a professional salesman's intent at a given time is within his own mind and thus difficult for a plaintiff to obtain, the presumption which arises when the vehicle is owned by the driver's employer that the driver is within the scope of employment is a difficult one to overcome. However, "the presumption that the servant is serving his master within the scope of his employment may, unless supported and corroborated by other evidence, be overcome by uncontradicted evidence." *F. E. Fortenberry & Sons, Inc. v. Malmberg,* 97 Ga. App. 162, 165 (102 SE2d 667) (1958). Thus, in the case at bar, if plaintiff has no other evidence corroborating the presumption that Underhill was within the scope of his employment, Allen Kane is entitled to summary judgment based on Underhill's testimony. The corollary to this proposition is, even positive and uncontradicted testimony by the employer and the employee that the employee's activities were not within the scope of his employment does not overcome as a matter of law the presumption if plaintiff had any other evidence (that is other than the fact that the vehicle belongs to the driver's employer) from which a jury could legitimately infer that the employee was acting within the scope of his employment. Id.

Pictorially, the proof for each side is this:

| *Plaintiff* | *Defendant* |
|---|---|
| 1. The vehicle was defendant's | 1. Uncontradicted testimony of the defendant and/or the employee that the employee was not acting within the scope of his employment |
| 2. The driver was defendant's employee | |
| 3. Some other fact which indicates the employee was acting within the scope of his employment. | |

If this is the evidence before the trial court on motion for summary judgment, the defendant is not entitled to summary judgment under the authorities above cited.

The chart above appears to depict the evidence that was before the trial court in the case at bar. The Court of Appeals found that the required "some other fact" was the fact that Underhill had "unrestricted authority to solicit prospective purchasers." 148 Ga. App. at 333. The problem with that holding is that if the mere "unrestricted authority to solicit prospective purchasers" is a sufficient "some other fact," then this kind of case will usually have to go to a jury since that fact is usually going to be present. Some may think that that is an appropriate result but we must ask ourselves, if that is all the evidence on the plaintiff's side, would that be sufficient evidence to support a jury verdict in favor of the plaintiff? As was stated in *Ga. R. & Electric Co. v. Harris,* 1 Ga. App. 714, 717 (57 SE 1076) (1907): "However willing we are to commit to the jury the solution of every question of fact, yet in the very nature of things, when the determination of the issue rests not on direct proof, but on circumstances, there exists a point where the inferences to be drawn can not, as a matter of law, be sufficient to support a verdict."[1]

The task before us then is to determine what sort of "other fact" is going to be necessary to get a given case to a jury.

Barnes would have us hold that any case in which the testimony of the employer or the employee stands alone should go to a jury since the credibility of those witnesses is a jury question. But, "direct and positive testimony as distinguished from testimony circumstantial, opinionative, or actually negative in character, which is

---

[1]As to the argument that the plaintiff at the trial of the case may be able to introduce more evidence to support his contentions, see *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601 (203 SE2d 173) (1974). This court there stated that "it is the duty of each party at the hearing on the motion for summary judgment to present his case in full." 231 Ga. at 604. Summary judgment under Georgia law is an abbreviated trial where one must present his case completely or risk judgment going against him. 231 Ga. at 606.

given by an unimpeached witness as to the existence of a fact apparently within his own knowledge, which is not in itself incredible, impossible, or inherently improbable, and which is not contradicted directly or by proof of facts or circumstances that could be taken as incompatible with such testimony, can not be arbitrarily rejected by a jury or other trier of the facts upon the mere surmise that it perhaps might not be in accord with the truth." *Lankford v. Holton,* 187 Ga. 94, 102 (200 SE 243) (1938). On the other hand, "in a case where the direct evidence is not all one way, or where there are proved facts and circumstances which could be taken as inconsistent with the direct positive testimony, the jury may always consider the relationship and the feeling of the witnesses toward the parties, as well as all the facts and circumstances of the case, including the witnesses' manner of testifying, their intelligence and number." Id. at 102.

From these various authorities we conclude that the following is an appropriate test to determine when a plaintiff in this kind of case gets by a defendant's motion for summary judgment: When the uncontradicted testimony of the defendant and/or the employee shows that the employee was not acting within the scope of his employment at the time of the accident, the plaintiff must show, in addition to the facts which give rise to the presumption that he was in the course of his employment, some other fact which indicates the employee was acting within the scope of his employment. If this "other fact" is *direct* evidence, that is sufficient for the case to go to a jury. However, when the "other fact" is *circumstantial* evidence, it must be evidence sufficient to support a verdict in order to withstand the defendant's motion for summary judgment.

The next question obviously is, what kind of circumstantial evidence is sufficient to support a verdict? "When the party upon whom the burden of an issue rests seeks to carry it, not by direct proof, but by inferences, he has not, in this reasonable sense, submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims; and for this, the facts shown must

not only reasonably support that conclusion, but also render less probable all inconsistent conclusions." *Ga. R. & Electric Co. v. Harris,* supra, at 717. "In cases of circumstantial evidence a mere inconclusive inference, or, as the English courts express it, a mere scintilla, is not to be regarded as any evidence, so as to require the submission of its sufficiency to the jury." Id. at 716.

As we have stated, circumstantial evidence which could be taken as *inconsistent* with the direct, positive testimony is sufficient to get the case to a jury. However, the rule where the circumstantial evidence is *consistent* with the direct, positive testimony is different. "Circumstantial evidence from which the existence of a fact might be inferred, but which did not demand a finding for the plaintiff to that effect, will not support a verdict, when by positive and uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied on by the plaintiff, it was affirmatively shown that no such fact existed." *Myers v. Phillips,* 197 Ga. 536, 542 (29 SE2d 700) (1944).

In applying these rules to the facts of the case at bar, it is undeniable that "the unrestricted authority to solicit prospective purchasers" is circumstantial evidence and further it is not inconsistent with Underhill's testimony showing that despite this fact, at the time of the accident in question, he was not acting within the scope of his employment. We find that not only does this circumstantial evidence not *demand* a finding for the plaintiff on the issue, it constitutes a "mere inconclusive inference" and thus is insufficient to get plaintiff by defendant's motion for summary judgment on that question.

Allen Kane, in its petition for certiorari to this court, contended that a recent decision of the Court of Appeals (*Ayers v. Barney A. Smith Motors, Inc.,* 112 Ga. App. 581 (145 SE2d 753) (1965)) appears to be a departure from long standing precedent in this area of the law. Since the cases involving the doctrine of respondeat superior in this area do seem to be confusing and conflicting at times,[2] we

---

[2]Note that as recently as October of 1978 the Court of

will examine some of them to see if they fit into the rule as stated today and if they should still be considered controlling authority.

Allen Kane cites the cases of *Nichols v. G. L. Hight Motor Co. supra, Stenger v. Mitchell,* 70 Ga. App. 563 (28 SE2d 885) (1944) and *Fambro v. Sparks,* 86 Ga. App. 726 (72 SE2d 473) (1952), as authority for its position of no liability as a matter of law. Indeed the facts of those cases are very similar to the facts in the case at bar. The decisions in *Nichols* and *Stenger* appear to be in accordance with the rule as stated today although no mention was specifically made of presumptions arising to be rebutted. In neither case was there any additional evidence from which a jury could legitimately infer that the employee was acting within the scope of his employment. *Fambro* was correctly decided based on the rule as stated today, however, we must take exception to and overrule the language therein whereby the Court of Appeals held that no presumption arose in the case.[3] Because the driver was the employee of the owner of the vehicle involved in the accident, the presumption *did* arise that the driver was within the scope of his employment at the time of the accident. The presumption was simply rebutted.

A careful look at *Ayers v. Barney A. Smith Motors, Inc.,* supra, shows that that case as written was not such a departure from the case law which had developed to that point. It has merely been over-simplified since it was written. *Ayers* is incorrect only to the extent that that opinion could be interpreted to mean that the driving of a new demonstrator assigned to the employee on a full-time

---

Appeals reached a decision in *Brewer v. Southeastern &c. Ins. Co.,* 147 Ga. App. 562, 564 (249 SE2d 668) (1978) which was inconsistent to the decision it reached in the case at bar.

[3]The court was distinguishing *Fambro* from *Dawson Motor Co. v. Petty,* 53 Ga. App. 746 (186 SE 877) (1936) wherein the presumption that the driver was acting within the scope of his employment was *not* rebutted and a jury trial was necessary.

basis is a sufficient "other fact" to send the case to a jury to decide the question of scope of employment. That fact is simply an inconclusive inference just as is the fact of having the authority to solicit prospective customers at any time. The key point (if the case must be narrowed to a "key point") in the *Ayers* case which differentiated it from *Stenger* and *Fambro* was the fact that the vehicle was being operated under a dealer's license tag which by law could be used solely for demonstrating a vehicle or transporting a vehicle for sale. Since everyone is presumed to act lawfully, this activity was direct evidence sufficient to get the plaintiff by defendant's motion for summary judgment.

The real fly in the ointment in this area of the law is the case of *Pest Masters, Inc. v. Callaway,* 133 Ga. App. 123 (210 SE2d 243) (1974). Although that case was correctly decided based on the interpretation given it in *Massey v. Henderson,* supra, certain language in *Pest Masters* is a great departure from previous case law and must be overruled. *Pest Masters* is incorrect to the extent it holds that "the facts arising from the presumption, although rebutted by uncontradicted evidence, must be determined by a jury." 133 Ga. App. at 125. It is incorrect to the extent that it implies that the fact that the automobile was furnished to the employee as a part of the consideration for the employment is a sufficient fact to get the case to a jury. However, a sufficient fact to get the case to a jury, as pointed out by the Court of Appeals in *Massey v. Henderson,* supra, was that the employee was "subject to call at any time." This was direct evidence indicating that the employee was, in fact, in the scope of his employment at the time he had an accident with his employer's automobile.

The rule as stated herein should help to clarify the law in this area.

*Judgment reversed. All the Justices concur, except Hall, J., who concurs in the judgment only and Undercofler, P. J., and Jordan, J., who dissent.*

Argued March 13, 1979 — Decided May 30, 1979.

784

*Fain & Gorby, Nicholas C. Moraitakis,* for appellant.
*Long, Weinberg, Ansley & Wheeler, Charles E. Walker, Ben L. Weinberg, Jr., J. M. Hudgins, IV, Michael T. Bennett,* for appellee.