## 63867. ED SHERWOOD CHEVROLET, INC. v. McAULEY.

McMurray, Presiding Judge.

This is an action for personal injuries. Plaintiff was a passenger in the automobile when it left the roadway crashing into one or more trees.

As amended, plaintiff's complaint states claims against the driver, defendant Wills, on a theory of negligence; defendant Ed Sherwood Chevrolet, Inc., owner of the vehicle and employer of defendant Wills, an automobile salesman driving a demonstrator, on theories of respondeat superior and negligent entrustment; defendant Edward L. Sherwood, and defendant Charles J. Bradshaw, both individually, on the theory of negligent entrustment. Additionally, plaintiff alleges that defendants Ed Sherwood Chevrolet, Inc., and Edward L. Sherwood, and Charles J. Bradshaw, individually, conspired to furnish a vehicle to a known incompetent driver, defendant Wills. Plaintiff also names as defendant Universal Underwriters Insurance Company, which provided insurance coverage to defendant Ed Sherwood Chevrolet, Inc. on a theory that this defendant insurer had negligently performed a service it allegedly provided to defendant Ed Sherwood Chevrolet, Inc. of investigating the driving record of new employees.

Following discovery, defendant Ed Sherwood Chevrolet, Inc. moved for summary judgment as to the two counts, setting forth plaintiff's claims against it predicated upon theories of respondeat superior and negligent entrustment. After denial of its motion for partial summary judgment defendant properly petitioned and received this court's permission to file this interlocutory appeal. *Held:*

1. First, with reference to negligent entrustment, defendant Ed Sherwood Chevrolet, Inc. has attempted to set forth a proper case for the grant of summary judgment in its favor by presenting evidence negating any actual knowledge of defendant Wills' driving record prior to his employment.

The uncontroverted evidence shows that prior to his employment with defendant Ed Sherwood Chevrolet, Inc., defendant Wills resided in Tennessee where he was employed by another automobile dealership, a majority interest in which was owned by defendant Charles J. Bradshaw, a cousin of defendant Wills. While in Tennessee defendant Wills was involved in several incidents which cumulatively may fairly be described as amounting to a poor driving record, including accidents and convictions for driving under the influence resulting in defendant Wills serving a sentence in a county penal facility and having his driver's license

suspended for a period of time.

Defendant Ed Sherwood Chevrolet, Inc. relies upon direct evidence in the record showing that neither its president, general manager, or sales manager had any actual knowledge of defendant Wills' Tennessee driving record.

Plaintiff counters that the record contains sufficient circumstantial evidence to sustain her allegations. As this court has recognized in previous decisions, a plaintiff generally must rely upon circumstantial evidence in this type of case. "[I]t may be difficult to prove the existence of actual knowledge on the part of one who denies it (because in such case direct evidence is not attainable, unless he admits it)." *Roebuck v. Payne,* 109 Ga. App. 525, 527 (3) (136 SE2d 399).

In order to determine whether the plaintiff's circumstantial evidence is sufficient to sustain her complaint by rebuttal of the direct evidence negating actual knowledge relied upon by defendant Ed Sherwood Chevrolet, Inc., we must first review the case law with regard to same. As our Supreme Court has recently stated: "The question of when, on motion for summary judgment, circumstantial evidence creates a genuine issue of a material fact shown by direct evidence is not an easy one. Compare *Backus v. Ray Jones, Inc.,* 150 Ga. App. 753, 755-756 (258 SE2d 693) (1979), with *McCurry v. Bailey,* 224 Ga. 318 (1) (162 SE2d 9) (1968)." *Wallace v. Lessard,* 248 Ga. 575, 577 (285 SE2d 14). The anomaly apparent in the cases compared in *Wallace* is squarely submitted by the contention of the parties in the case sub judice.

Defendant Ed Sherwood Chevrolet, Inc. contends that the correct test is set forth in *Lee v. Swann,* 111 Ga. App. 88 (140 SE2d 562). The *Lee* case imposes upon the plaintiff, in the case sub judice, the requirement that plaintiff's circumstantial evidence "admit of no other reasonable conclusion than that the defendant's denial of knowledge of the driver's incompetency is untrue." The plaintiff, although acknowledging defendant's construction of our decision in *Lee,* contends that its ruling is no longer controlling as it has been superseded by our decision in *Harris v. Smith,* 119 Ga. App. 306, 308 (167 SE2d 198), citing and following *McCurry v. Bailey,* 224 Ga. 318 (162 SE2d 9). *McCurry v. Bailey,* 224 Ga. 318, reversed our decision in *Bailey v. McCurry,* 117 Ga. App. 100, 103 (3) (159 SE2d 425), wherein we had applied the test set forth in *Lee,* because in that case the evidence of the witness giving direct testimony was not perfectly consistent with the circumstantial evidence.

After a review of these cases, as well as additional case law, we conclude that neither of the parties is entirely correct nor wrong on this issue, but that each has chosen to focus on cases more favorable to

their positions. Rather, we believe the rule to be (at least in consideration of the evidence here), as set forth in *Pantone v. Pantone,* 206 Ga. 305 (2) (57 SE2d 77), as follows: "While direct and positive testimony, given by an unimpeached witness as to the existence of facts apparently within his own knowledge, and not in itself incredible, impossible, or inherently improbable, cannot be arbitrarily rejected by a jury or other trier of facts upon the mere surmise that it perhaps might not be in accord with the truth, yet, where such testimony is contradicted by proof of facts or circumstances that could be taken *as incompatible* with such testimony, the question of which theory thus presented by conflicting evidence will be accepted is a question to be determined by the jury or other trier of facts." (Emphasis supplied.) Therein, Justice Hawkins, at page 307 quoted similarly from *Lankford v. Holton,* 187 Ga. 94, 102 (200 SE 243): " 'Direct and positive testimony, as distinguished from testimony circumstantial, opinionative, or actually negative in character, which is given by an unimpeached witness as to the existence of a fact apparently within his own knowledge, which is not in itself incredible, impossible, or inherently improbable, *and which is not contradicted directly or by proof of facts or circumstances that could be taken as incompatible with such testimony,* can not be arbitrarily rejected by a jury or other trier of the facts upon the mere surmise that it perhaps might not be in accord with the truth. . . .' " In these cases the controlling word was "incompatible" in considering the circumstantial evidence with the direct testimony. In *Myers v. Phillips,* 197 Ga. 536 (4), 542 (29 SE2d 700), the language of *Lankford v. Holton,* supra, at page 102, was quoted in headnote 4. However, in the opinion at page 542, it stated that if the positive and uncontradicted direct testimony of unimpeached witnesses was "perfectly consistent" with the circumstantial evidence, then such direct testimony would control, making a question of law for the court unless the circumstantial evidence demanded a different finding. In *McCurry v. Bailey,* 224 Ga. 318 (1), 319-320, supra, the Supreme Court referred to the fact that there was "utter irreconcilable conflict between the positive testimony and the indisputable physical facts" (circumstantial as to who was driving the vehicle), and a jury issue was made for it to judge the credibility "growing out of human experience." In *Process Poster, Inc. v. Multi-Color Process Co.,* 129 Ga. App. 25, 26-27 (198 SE2d 386), all of the above cases were cited when this court upheld a jury verdict. Again, in *Harris v. Smith,* 119 Ga. App. 306, 308, supra, the rule is stated to be that the direct unimpeached testimony must be "perfectly consistent with the circumstantial evidence," and only then does it become a law question and not one of fact. In light of these cases, we proceed to

consideration of the evidence in the case sub judice.

Conceding that defendant Ed Sherwood Chevrolet, Inc. has presented unimpeached direct evidence as to its lack of actual knowledge of defendant Wills' poor driving record summary judgment in favor of this defendant would be proper unless plaintiff has presented such evidence in rebuttal as to present a genuine issue of material fact. Plaintiff's circumstantial evidence, in order to avoid summary judgment, must either create an inference in conflict with defendant's direct evidence or demand a finding for plaintiff, on the issue of actual knowledge of defendant Ed Sherwood Chevrolet, Inc. as to the driving record of defendant Wills.

We, therefore, apply the above case law to the evidence in the case sub judice. Plaintiff argues alternative theories as to the path by which Ed Sherwood Chevrolet, Inc. allegedly obtained actual knowledge of the driving record of defendant Wills.

Plaintiff relies upon evidence that defendant Bradshaw is a second cousin of defendant Wills and had taken an interest in defendant Wills, aiding him in getting a job at defendant Ed Sherwood Chevrolet, Inc. Defendant Edward L. Sherwood, president of defendant Ed Sherwood Chevrolet, Inc. had had a lengthy friendship with defendant Bradshaw. Upon defendant Wills' employment at defendant Ed Sherwood Chevrolet, Inc., defendant Edward L. Sherwood spent more time with defendant Wills than all his other sales staff combined, and the general manager of the dealership testified he did not know if he had the authority to fire defendant Wills. There was also plaintiff's testimony that defendant Wills made light of any potential problem with his past driving record because of his relationship with defendant Edward L. Sherwood. Plaintiff argues that a jury could reasonably conclude that defendant Bradshaw became aware of defendant Wills' driving problems in Tennessee because of his interest in his cousin and his absences from work and further passed this knowledge on to his friend and business associate defendant Edward L. Sherwood.

Alternatively, plaintiff relies upon the evidence showing that new employees of defendant Ed Sherwood Chevrolet, Inc., who might be called upon to operate a motor vehicle, were required to provide their driver's license number and an investigation consent form in order to facilitate inquiry into their driving record by the dealership's insurer defendant Universal Underwriters. When defendant Wills began his employment, he did not provide his driver's license on the required form, leaving that portion of the form blank or drawing a line through the space. When this driver's investigation form was returned, defendant Wills provided a false Tennessee license number, which was also returned to the dealership. This false

Tennessee license number was completely different from another false number defendant Wills placed on a bond application filed two weeks later in the same office. When employees of the defendant Ed Sherwood Chevrolet, Inc. confronted the defendant Wills with knowledge they had gained that he did not have a valid driver's license, defendant Wills advised them the license had expired; and subsequently before the date of the crash in which the plaintiff was injured defendant Wills obtained a valid Georgia driver's license. Plaintiff seeks to draw an inference from these facts and the time of the ending of the period of revocation of defendant Wills' Tennessee license that the employees of defendant Ed Sherwood Chevrolet, Inc. had knowledge of defendant Wills' Tennessee driving record.

Finally, plaintiff did establish actual knowledge on the part of Ed Sherwood Chevrolet, Inc. by the fact that the dealership's insurer Universal Underwriters conducted an inquiry into defendant Wills' driving record. The insurer defendant Universal Underwriters Insurance Company is arguably an agent of defendant Ed Sherwood Chevrolet, Inc. for the purpose of performing driver's license checks on new employees. Plaintiff relies upon language in *Barnes v. Allen Kane's Major Dodge, Inc.,* 148 Ga. App. 332, 334 (250 SE2d 876), (reversed in *Allen Kane's Major Dodge, Inc. v. Barnes,* 243 Ga. 776, 777 (257 SE2d 186), as to the respondeat superior theory, but not as to negligent entrustment theory), to the effect that it might be inferred that an inquiry into an employee's driving record would infer that the matters contained within that driving record would be discovered. Thus, even though there is direct evidence that the inquiries into defendant Wills' driving record did not produce any results prior to the time of the crash due to the problems arising from defendant Wills' failure to provide accurate information as to his driver's license number in Tennessee, all of these facts and circumstances are inconsistent with the denial of any knowledge by defendant Ed Sherwood Chevrolet, Inc., through its various and sundry agents (employees, officers and insurer) as to defendant Wills' difficulties as a driver, and the trial court did not err in denying partial summary judgment to defendant Ed Sherwood Chevrolet, Inc. as to the negligent entrustment claim.

2. The trial court's refusal to grant the motion of defendant Ed Sherwood Chevrolet, Inc. for partial summary judgment as to the count of plaintiff's complaint predicated upon a theory of respondeat superior must be reviewed in the light of the decision in *Allen Kane's Major Dodge, Inc. v. Barnes,* 243 Ga. 776, 777, supra, wherein the general rule of respondeat superior is stated, as follows: "When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the

injury acting within the scope of his employment and on the business of the master. *Nichols v. G. L. Hight Motor Co.,* 65 Ga. App. 397 (15 SE2d 805) (1941); *West Point Pepperell v. Knowles,* 132 Ga. App. 253 (208 SE2d 17) (1974). 'Where a vehicle is involved in a collision, and it is shown that the automobile is owned by a person, and that the operator of the vehicle is in the employment of that person, a presumption arises that the employee was in the scope of his employment at the time of the collision, and the burden is then on the defendant employer to show otherwise.' *West Point Pepperell v. Knowles,* supra, at 255. See also *Dawson Motor Co. v. Petty,* 53 Ga. App. 746 (186 SE 877) (1936). This must be done by clear, positive and uncontradicted evidence. *Massey v. Henderson,* 138 Ga. App. 565 (226 SE2d 750) (1976), affd. 238 Ga. 217 (232 SE2d 53) (1977)."

It is uncontroverted that the vehicle in question was the property of defendant Ed Sherwood Chevrolet, Inc. Although the record contains the testimony of defendant Wills showing that at the time of the collision he was engaged in a purely personal mission, as the plaintiff has argued, there is evidence in the record which would authorize a finder of fact to determine that defendant Wills had been impeached. Defendant Wills having admittedly given false testimony as to his driving record in Tennessee prior to moving to this state, the credit to be given his testimony as to other matters is for determination by a finder of fact. See Code (1933) § 38-1806 (now OCGA § 24-9-85, effective November 1, 1982); *Wooster v. Boles,* 130 Ga. App. 542, 543 (1) (203 SE2d 745); *Fincher v. Harlow,* 56 Ga. App. 578, 580-582 (193 SE 452).

There being no evidence as to the intent of defendant Wills at the time of the incident (other than the evidence of defendant Wills) and the credibility of defendant Wills being a matter for submission to a finder of fact, for summary judgment purpose, the presumption prevails that defendant Wills was at the time of the crash operating the vehicle in the scope of his employment with defendant Ed Sherwood Chevrolet, Inc. The trial court also did not err in refusing to grant partial summary judgment to defendant Ed Sherwood Chevrolet, Inc. as to plaintiff's claim predicated upon the theory of respondeat superior.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED DECEMBER 2, 1982 —
REHEARING DENIED DECEMBER 16, 1982.

*Earl J. Van Gerpen,* for appellant.

*James L. Ford, Jule W. Felton, Jr.,* for appellee.