## 75768. WILLIAMS v. MAG MUTUAL INSURANCE COMPANY et al.
### (367 SE2d 815)

CARLEY, Judge.

Appellant-plaintiff brought this suit in the State Court of Fulton County against numerous defendants. As against appellee-defendant MAG Mutual Insurance Company, appellant alleged claims for tortious interference with her relationship with her doctors and for the intentional infliction of mental and emotional distress. These claims were predicated upon the acts of Dr. Charles Hollis, which acts appellant alleged that Dr. Hollis had taken in his representative capacity as appellee's chairman of the board and for which acts appellee was alleged to be vicariously liable. Appellee answered, denying the material allegations of the complaint. Appellee subsequently moved for summary judgment, supporting its motion with the affidavit of Dr. Hollis and other evidence. In his affidavit, Dr. Hollis averred that his alleged actions had been taken in his individual capacity and not in his representative capacity as appellee's agent. After conducting a hearing, the trial court entered an order granting appellee's motion for summary judgment. Because appellee was the only resident of Fulton County, the trial court also transferred the case as against the remaining defendants to the State Court of Dougherty County. Appellant appeals from the order granting summary judgment in favor of appellee and transferring the case.

1. In support of her enumeration of the grant of appellee's motion for summary judgment as error, appellant urges that a question of fact remains as to whether or not Dr. Hollis was acting within his representative capacity as appellee's agent when he purportedly committed the acts which appellant attributes to him.

" 'It has long been the Georgia rule that one who is a party to the

. . . relationship (the principal or agent) may testify as a fact as to the existence or non-existence of the relationship and that such testimony would not be subject to the objection that the statement was a conclusion or the ultimate fact.' [Cit.]" *Guernsey Petroleum Corp. v. Data Gen. Corp.*, 183 Ga. App. 790, 792 (2a) (359 SE2d 920) (1987). Here, both appellee's secretary and Dr. Hollis submitted affidavits wherein they stated that, as to the acts relied upon by appellant, Dr. Hollis had not been acting in his representative capacity as appellee's agent. In addition, there was other evidence which would show that Dr. Hollis was acting totally in his individual capacity with regard to the relevant acts. This shifted the evidentiary burden to appellant to show that a genuine issue remained as to the capacity within which Dr. Hollis had acted. "When the uncontradicted testimony of the defendant and/or the employee shows that the employee was not acting within the scope of his employment at the time of the [incident complained of], the plaintiff must show, in addition to the facts which give rise to the presumption that he was in the course of his employment, some other fact which indicates the employee was acting within the scope of his employment." *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 780 (257 SE2d 186) (1979). "Where the other party attempts to controvert this fact by circumstantial evidence 'it must be evidence sufficient to support a verdict.' [Cit.] 'The circumstantial evidence . . . must tend to establish the conclusion projected while rendering less probable all inconsistent conclusions.' [Cit.]" *Guernsey Petroleum Corp. v. Data Gen. Corp.*, supra at 792.

In opposition to appellee's evidence, appellant did not produce sufficient evidence, either direct or circumstantial, which would show that Dr. Hollis had acted in his representative capacity. Dr. Hollis' identity as appellee's chairman of the board is undisputed. The issue is whether Dr. Hollis' alleged acts had been taken in his representative capacity. That Dr. Hollis was appellee's chairman of the board does not mean that he could not act in any other capacity. The evidence is undisputed that, insofar as the circumstances surrounding this litigation are concerned, Dr. Hollis acted in his individual capacity. Accordingly, summary judgment was properly granted to appellee.

2. Venue in Fulton County was dependent upon appellee's status as a party defendant in this action. For the reasons discussed in Division 1, the trial court correctly granted appellee's motion for summary judgment. It follows that the trial court's transfer of the case to Dougherty County, the county of residence of the remaining defendants, was proper. *Brown v. Coastal Emergency Svcs.*, 181 Ga. App. 893, 898 (4) (354 SE2d 632) (1987).

3. Appellant's remaining enumerations of error are moot as the result of our disposition of the case for the reasons discussed in Divi-

sion 1.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MARCH 3, 1988 —
REHEARING DENIED MARCH 22, 1988 —

James E. Butler, Jr., C. Frederick Overby, Paul E. Schlam, B. T. Edmonds, for appellant.

Hunter S. Allen, Jr., G. Conley Ingram, Robert D. McCallum, Jr., Robert P. Riordan, Darryl Love, Robert P. Monyak, for appellees.