A06A1241. REMEDIATION RESOURCES, INC. et al.
v. BALDING et al.
(635 SE2d 332)

ADAMS, Judge.

Christopher Balding died when William Findley, an employee of Remediation Resources, Inc., ran a stop sign while driving a company-owned truck. Balding's wife, individually and as the administratrix of his estate, filed suit against Findley and against Remediation based on the principle of respondeat superior and for negligent training and supervision. Remediation sought summary judgment on these issues, and the trial court denied the motion. Remediation has appealed, and asks this Court to reverse and remand with direction to grant summary judgment.

On January 30, 2004, Findley drove home from work around 5:00 p.m. in a truck owned and insured by Remediation. Remediation allowed employees unrestricted use of company vehicles, including personal use. Initially Findley had no plans to go to Statesboro, however, after discussing with his girlfriend what they should do for supper, Findley said, "Well, I need to pick up some stuff . . . why don't we go to Statesboro and eat and while we're over there, I'll pick up the stuff." In the past, it was "occasionally" a function of Findley's job to

pick up supplies while on the road for work. Findley also averred that eating was the "real reason" he drove to Statesboro and that he "would not have gone" otherwise. He also did not intend to turn in for pay the time he spent picking up the hand warmer and gloves. The accident happened on the way to Statesboro.

1. The general rule of respondeat superior states that "[w]hen a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master. [Cits.]" *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 777 (257 SE2d 186) (1979). And the question is for determination by the jury "except in plain and indisputable cases." *West Point Pepperell, Inc. v. Knowles*, 132 Ga. App. 253, 256 (1) (a) (208 SE2d 17) (1974).

When a vehicle is owned by an employer and the operator of the vehicle is an employee, "a presumption arises that the employee was in the scope of his employment at the time of the collision, and the burden is then on the defendant employer to show otherwise. [Cits.]" *West Point Pepperell*, 132 Ga. App. at 255 (1). In hopes of summary judgment, the defendant must then show "[u]ncontradicted testimony of the defendant and/or the employee that the employee was not acting within the scope of his employment." *Allen Kane's Major Dodge*, 243 Ga. at 778. In response, the plaintiff must show "[s]ome other fact which indicates the employee was acting within the scope of his employment" in order to get the case to the jury. Id.

In the present case, Findley was admittedly driving Remediation's truck, which raised the presumption that he was acting in the course and scope of his employment. In response, Remediation has not produced uncontradicted testimony that Findley was not acting within the scope of his employment. The record shows that the main purpose of the trip to Statesboro is in dispute. Although Findley stated that his real purpose for traveling to Statesboro was to eat, and that picking up work supplies was secondary, he also testified that he definitely planned to pick up some work supplies.

Several Georgia cases have concluded that summary judgment was inappropriate in similar situations. In *Barfield v. Royal Ins. Co. of America*, 228 Ga. App. 841, 842 (492 SE2d 688) (1997), the defendant's employee was on a purely personal trip to Tybee Island to visit a friend but driving a company car supplied by his employer. During his trip, the employee decided to drive to a store to buy a new camera for work — he had accidentally broken one while taking personal photographs — but changed his mind on the way to the store and turned back to Tybee Island. Id. On the way back, the employee was involved in a collision with the plaintiff. Id. This Court held that a

jury could determine that the employee's choice to replace the camera "was . . . an errand" within the scope of his employment. Id. at 845 (2).

In *West Point Pepperell*, this Court held that a jury issue was present even though the defendant's employee admitted that he drove his wife in a company-provided vehicle with the main purpose of "let[ting] his wife ride in the truck," and even though he testified he was not on company business. *West Point Pepperell*, 132 Ga. App. at 254. The employee also testified that he left his home to refuel the truck for business. Accordingly, a jury question was raised as to whether, upon his departure from home, he was performing his master's business and in the scope of his employment. Id. at 256. Similarly, this Court has held that summary judgment was not appropriate when a defendant driving a company-owned vehicle attended a function for work, stopped at a shopping center on a purely personal mission, and was involved in a collision on the way home. *Chappell v. Junior Achievement of Greater Atlanta*, 157 Ga. App. 41 (276 SE2d 98) (1981). This Court held:

> Even the positive and uncontroverted testimony by the employee (Scott) that he was not within the scope of his employment does not overcome as a matter of law the presumption created by the above circumstances that the servant was serving his master within the scope of his employment in going to and from Georgia Tech to attend a function required by his employment.

Id. at 43.

Cases cited by Remediation are distinguishable. For example, in *Nichols v. G. L. Hight Motor Co.*, 65 Ga. App. 397, 398 (15 SE2d 805) (1941), and *Allen Kane's Major Dodge*, 243 Ga. at 776, at the time of the accident, the employees — both car salesmen — were on purely personal outings, and the fact that they either had plans to or were authorized to call on customers at a later time raised only an inconclusive inference, insufficient to create an issue of fact as to whether they were acting in the scope of their employment. See also *U. S. Fidelity & Guaranty Co. v. Skinner*, 188 Ga. 823 (5 SE2d 9) (1939) (summary judgment appropriate when employee was on a purely personal trip to eat dinner while out of town on business). Several cases cited by Remediation are distinguishable because the employee was not driving a company vehicle. See, e.g., *Hargett's Telephone Contractors v. McKeehan*, 228 Ga. App. 168, 169 (491 SE2d 391) (1997); *Schofield v. Cox Enterprises*, 212 Ga. App. 354 (441 SE2d 693) (1994).

The trial court correctly denied summary judgment on this issue.

2. Findley also contends the trial court erred in denying summary judgment on the issue of negligent training and supervision. An employer has a duty to exercise "ordinary care not to hire or retain an employee the employer knew or should have known posed a risk of harm to others where it is reasonably foreseeable" that the employee's tendencies could cause the type of harm sustained by the plaintiff. *Munroe v. Universal Health Svcs.*, 277 Ga. 861, 863 (1) (596 SE2d 604) (2004); *Kemp v. Rouse-Atlanta, Inc.*, 207 Ga. App. 876, 878 (429 SE2d 264) (1993). However, it is not necessary that the employer "should have contemplated or even be able to anticipate the particular consequences which ensued, or the precise injuries sustained by the plaintiff." (Punctuation omitted.) *Munroe*, 277 Ga. at 863 (citing *Henderson v. Nolting First Mtg. Corp.*, 184 Ga. 724, 737 (193 SE 347) (1937)). In order to defeat summary judgment on this issue, a plaintiff must produce some evidence of incidents similar to the behavior that was the cause of the injury at issue. See generally *Heard v. Mitchell's Formal Wear*, 249 Ga. App. 492, 494 (2) (549 SE2d 149) (2001).

In the twenty-two years that Findley had driven for companies owned by the same people, he had received two speeding tickets and was involved in two minor car accidents. Also, Remediation has no policy manuals to govern employee conduct while driving a company vehicle, and it does not keep driver history or qualification files for any employees.

Construing these facts in favor of Balding, a jury could find that "the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected." (Punctuation omitted.) *Munroe*, 277 Ga. at 863 (citing *Henderson*, 184 Ga. at 737). See also *Cherry v. Kelly Svcs.*, 171 Ga. App. 235, 236 (2) (319 SE2d 463) (1984) (summary judgment properly denied when there is evidence employer knew of violations on employee's record).

Remediation relies almost exclusively on cases concerning negligent entrustment, which are not controlling. See generally *Gill Plumbing Co. v. Macon*, 187 Ga. App. 481, 483 (370 SE2d 657) (1988); *Cherry*, 171 Ga. App. at 236 (2). We find no error in the trial court's decision.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED AUGUST 9, 2006.

*Mabry & McClelland, Robert M. Darroch, John T. Croley, Jr.,* for appellants.

*Franklin, Taulbee, Rushing, Snipes & Marsh, James B. Franklin, Daniel B. Snipes*, for appellees.