A90A1201. ALLEN v. MILTON MARTIN ENTERPRISES, INC.
(397 SE2d 586)

BANKE, Presiding Judge.

Allen sued Milton Martin Enterprises, Inc., an automobile dealership, seeking to recover for injuries she sustained in a collision involving a car owned by the latter and driven by one of its employees, Jeffrey Jones. (Jones was also named as a defendant but has not been served.) The case is before us on appeal from the grant of the dealership's motion for summary judgment.

The appellant's claim against the dealership is based on the doctrine of respondeat superior. At the time the accident occurred, Jones was on his way to work in a demonstrator vehicle owned by the defendant. It was established without dispute that such vehicles were provided by the defendant to its sales staff for their personal use as part of the total compensation for their services. However, during business hours, the salesmen were expected to have the vehicles available on the premises of the dealership for demonstration and sale. The dealership provided insurance for the vehicles, but the salesmen were required to pay for upkeep and to pay the insurance deductible in the event a claim was made against the collision coverage. *Held*:

An employer is considered vicariously liable for injuries caused by a servant under the doctrine of respondeat superior if the latter "was at the time of the injury acting within the scope of his employment and on the business of the [employer]." *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 777 (257 SE2d 186) (1979). When an employee is driving an employer-owned vehicle at the time of a collision, a presumption arises that he was acting within the scope of his employment, but this presumption may be rebutted with "clear, positive and uncontradicted evidence" to the contrary. Id. See also *Collins v. Everidge*, 161 Ga. App. 708 (289 SE2d 804) (1982). Once the employer has successfully rebutted the presumption by presenting such evidence, "the plaintiff must show, in addition to the facts which give rise to the presumption that [the employee] was in the course of his employment, some *other* fact which indicates the employee was acting within the scope of his employment." *Allen Kane's Major Dodge v. Barnes*, supra, 243 Ga. at 780. (Emphasis supplied.)

As a general rule, an employee is deemed to be acting only for his own purposes in going to and from work. See *McCutchen v. Assoc. Cab. Co.*, 138 Ga. App. 848 (228 SE2d 12) (1976). The appellant contends that this case falls outside the general rule because the appellee required its sales staff to drive their company owned vehicles to work so that they would be available during the day for business purposes. The appellee, on the other hand, contends that this requirement served merely to accommodate the salesmen by providing them with transportation to their place of work. We disagree. Clearly, there was a business purpose involved in having the demonstrator vehicles on the premises during business hours. We accordingly hold that the defendant's motion for summary judgment was improperly granted. Cf. *Trollinger v. Bob & Carolyn Ford, Inc.*, 180 Ga. App. 252 (1) (349 SE2d 11) (1986).

*Judgment reversed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 12, 1990 —
REHEARING DENIED OCTOBER 1, 1990.

*Hartness, Link & Hardeman, Frederick E. Link, William B. Puryear*, for appellant.

*Blasingame, Burch, Garrard & Bryant, E. Davison Burch, Sally R. Cline*, for appellee.

