A98A2262. TYNER v. COMFORT REST SLEEP PRODUCTS, INC.
(512 SE2d 321)

JOHNSON, Chief Judge.

Lynda Tyner appeals from the grant of summary judgment to Comfort Rest Sleep Products, Inc. ("Comfort Rest") in her wrongful death action brought against Comfort Rest and its employee, Khampiang Boriboune. The case arises out of a fatal collision between Boriboune's automobile and Tyner's husband's vehicle. Comfort Rest moved for summary judgment, contending Boriboune was not acting

---

[1] OCGA § 10-6-54.

within the scope of her employment at the time of the collision. The trial court granted the motion, and Tyner appeals. For reasons which follow, we affirm.

On appeal from the grant of summary judgment, this Court applies a de novo review of the evidence to determine whether any question of material fact exists. *Moore v. Food Assoc.*, 210 Ga. App. 780 (437 SE2d 832) (1993). Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A defendant meets this burden by "showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . All of the other disputes of fact are rendered immaterial." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

A review of the entire record, including all deposition transcripts, in the present case, reveals the following: It is undisputed that on the date of the collision Boriboune had concluded her job duties at Comfort Rest, had already clocked out for the day, and had left her employer's premises in her personal vehicle. It is further undisputed that Boriboune performed sewing work at home for Comfort Rest on occasion, and was transporting materials to perform such work at the time of the collision. While the parties argue whether Boriboune's actions at home rendered her an independent contractor, we need not reach this issue to resolve the case.

Tyner argues that since transporting the material was an essential task in rendering the service to Comfort Rest, Boriboune was acting within the scope of her employment at the time of the accident. We cannot agree. Even assuming that Boriboune was at all times an employee of Comfort Rest, rather than an independent contractor, we find no facts in the record that would support a finding that Boriboune was acting within the scope of her employment at the time of this collision.

"To hold a master liable for a tort committed by his servant, it must appear that *at the time of the injury* the servant was engaged in the master's business and not upon some private and personal matter of his own; that is, the injury must have been inflicted in the course of the servant's employment. *The test is not that the act of the servant was done during the existence of the employment, but whether the servant was at that time serving the master.*" (Citations and punctuation omitted; emphasis in original.) *Hargett's Telephone Contractors v. McKeehan*, 228 Ga. App. 168, 170 (491 SE2d 391) (1997). It is well-established that in the absence of special circumstances an employee acts only for her own purposes and not for those of her employer in going to and from work in an automobile. See id. at 169;

*Allen v. Milton Martin Enterprises*, 197 Ga. App. 119, 120 (397 SE2d 586) (1990); *McCutchen v. Associated Cab Co.*, 138 Ga. App. 848 (228 SE2d 12) (1976). Here, Boriboune was going home after work, and we can find in the record before us no special circumstances which remove this case from the general rule.

Tyner has cited, and we can locate, no case holding that an employee's act of driving her own vehicle home from work furthers the business purposes of her employer simply because she was transporting to her home her employer's materials upon which to perform work on her own time, in her own manner, and by her own method and means. There is no indication in the record that Boriboune was being paid by Comfort Rest at the time of the collision, nor is there evidence that Boriboune was reimbursed for any expenses related to her travel to and from work. See generally *Hargett's Telephone Contractors*, supra. Standing alone, evidence that Boriboune had cloth in her personal vehicle after leaving work bound for her home is insufficient to raise a genuine issue of material fact as to whether Boriboune was acting within the scope of her employment.

At oral argument, Tyner's counsel suggested that we should consider Boriboune's home a "second factory" and analyze the case as if the employee was transporting the materials from one factory to another factory of the same employer. While this argument has a certain allure, it must fail. There is no evidence in the record to support Tyner's assertions that Boriboune's home is, in effect, a second factory. While Comfort Rest supplied the materials and the thread to be used, Boriboune performed the work on her own time, using her own manner, method and means. In short, she fit the classic definition of an independent contractor under these circumstances. In addition, as previously stated, there is no evidence in the record that Boriboune was being paid by Comfort Rest at the time of the accident or that she was customarily paid for her travel time from work to her home. The trial court did not err in granting summary judgment to Comfort Rest.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 11, 1999.

*Gambrell & Stolz, Irwin W. Stolz, Jr., George M. Bobo, Seaton D. Purdom*, for appellant.

*Hammond, Carter & Watson, A. Cullen Hammond, Cook Law Office, O. Jackson Cook, Chambers, Mabry, McClelland & Brooks, Genevieve L. Frazier*, for appellee.