## A03A1366. CLO WHITE COMPANY v. LATTIMORE.

### (590 SE2d 381)

MILLER, Judge.

The Clo White Company appeals from the denial of its motion for summary judgment stemming from a personal injury action brought by Mary Lattimore. Lattimore was involved in a car accident with one of Clo White's employees while the employee was on his way to work. Since there was some evidence that the employee may have been on his cell phone and calling his employer's office at the time of the accident, we hold that a jury question was created as to the employer's potential liability for its employee's actions and affirm.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell,* 254 Ga. App. 553-554 (562 SE2d 731) (2002).

So viewed, the evidence reveals that Brian Timothy Pilgrim, a shift supervisor at Clo White, was on his way to work one morning when he lost control of his car and collided with a car driven by Lattimore. The accident occurred at approximately 7:00 a.m., and cell phone records indicate that Pilgrim made three calls to his employer that morning around the time of the accident (at 7:01 a.m., 7:02 a.m., and 7:03 a.m.). Although Pilgrim did not specifically recall whether he was on the phone at the time of the accident, he admitted that he made at least one call to the office before the accident and one immediately following the accident. The purpose of at least one of the calls was to inform the night supervisor of Pilgrim's arrival time, and to obtain information that would assist Pilgrim in fulfilling his duties at the office. Pilgrim had used his cell phone on other occasions to contact his employer for work-related reasons while on his way to work, even though he was not "on the clock" and being paid for his time. Pilgrim's employer had Pilgrim's cell phone number, and could also access him 24 hours a day by paging him on a pager that the company provided. Pilgrim would often call his office in response to several pages that he received outside of his regular working hours.

Lattimore sued Clo White, arguing that Pilgrim was acting in the course and scope of his employment with Clo White at the time of

the accident, and Clo White moved for summary judgment. The trial court denied Clo White's motion, prompting Clo White to appeal.

> To hold a master liable for a tort committed by his servant, it must appear that *at the time of the injury* the servant was engaged in the master's business and not upon some private and personal matter of his own; that is, the injury must have been inflicted in the course of the servant's employment. *The test is not that the act of the servant was done during the existence of the employment, but whether the servant was at that time serving the master.* The law is clear that in the absence of special circumstances a servant in going to and from work in an automobile acts only for his own purposes and not for those of his employer.

(Citations and punctuation omitted; emphasis in original.) *Hargett's Tel. Contractors v. McKeehan*, 228 Ga. App. 168, 169-170 (491 SE2d 391) (1997). Thus, in the absence of evidence that an employee is on a special mission for the employer at the time of the accident or that special circumstances exist such that the employee's actions would subject the employer to possible liability, the employer cannot be held liable for an automobile accident that occurs while the employee is traveling to or from work. See id. at 170-171.

While it is clear from the evidence that Pilgrim was not on any sort of special mission for his employer while on his way to work (see, e.g., *Jones v. Aldrich Co.*, 188 Ga. App. 581, 583 (1) (373 SE2d 649) (1988)), evidence here supports the conclusion that Pilgrim may have actually been on the phone regarding matters of company business *at the time of the accident*. This was a special circumstance whereby the employee may have actually been conducting some manner of company business at the same time that he was on the way to work when the accident occurred. Therefore, a jury issue exists as to whether Pilgrim was acting within the scope of his employment and conducting the master's business at the time of the accident such that Clo White could be liable. A jury will determine Clo White's liability, if any, despite the fact that Pilgrim was on his way to work at the time that the accident occurred. The trial court therefore properly denied Clo White's motion for summary judgment.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED OCTOBER 29, 2003.

*Hicks, Casey & Barber, Mark W. Wortham, William S. Cowsert,* for appellant.

*Bussey & Giudice, Mark E. Bussey, Raymond V. Giudice,* for appellee.