A07A1040. HUNTER v. MODERN CONTINENTAL
CONSTRUCTION COMPANY, INC.
(652 SE2d 583)

MILLER, Judge.

Pamela Hunter suffered injuries in a car accident with a truck driven by an employee of Modern Continental Construction Company, Inc. ("Modern Continental") who was driving to work. She appeals from the grant of Modern Continental's motion for summary judgment upon her complaint for damages arising therefrom. Since there was some evidence that, at the time of the accident, the Modern Continental employee may have been on a work-related cell phone call or distracted by such a call that he chose not to answer, we find a jury question remaining as to Modern Continental's liability for its employee's actions and reverse.

---

> On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law.

(Citation omitted.) *Clo White Co. v. Lattimore*, 263 Ga. App. 839 (590 SE2d 381) (2003).

So viewed, the evidence reveals that Jeffrey M. Stasium, a shift supervisor employed by Modern Continental, was on his way to work on the morning of January 25, 2003 when his truck collided with a car driven by Hunter at an Atlanta intersection. Stasium estimated that the collision occurred at approximately 6:55 a.m. and indicated that he made no cell phone call from his vehicle before the accident occurred. Telephone records, however, reflect that Stasium called Tyrone Campbell, a co-worker, at 6:54 a.m. Further, Campbell deposed that he called Stasium on his cell phone a little before 7:00 a.m. but that Stasium did not answer his call. Stasium acknowledged Campbell's testimony; stated that he had known the call was from Campbell because Campbell's name had come up on the screen of his cell phone and that he knew Campbell was calling either because he was "going to be late or he wanted something[ ]" for his job as a welder after getting to work; and indicated that he had given Campbell his cell phone number for business purposes. Stasium also testified that he had provided his cell phone number to everyone on his shift to permit them to notify him if they were running late for work.

Citing *Clo White*, Hunter argues that summary judgment for Modern Continental was error because a jury question remains as to whether Stasium was on his cell phone conducting company business at the time of the accident, thus making Modern Continental vicariously liable for her damages under a theory of respondeat superior. We agree.

> To hold a master liable for a tort committed by his servant, it must appear that *at the time of the injury* the servant was engaged in the master's business and not upon some private and personal matter of his own; that is, the injury must have been inflicted in the course of the servant's employment. *The test is not that the act of the servant was done during the existence of the employment, but whether the servant was at that time serving the master*. The law is clear that in the absence of special circumstances a servant in going to and

from work in an automobile acts only for his own purposes and not for those of his employer.

(Citations and punctuation omitted; emphasis in original.) *Hargett's Telephone Contractors v. McKeehan*, 228 Ga. App. 168, 169-170 (491 SE2d 391) (1997). Given the foregoing, absent evidence that an employee is on a special mission for the employer or that special circumstances exist exposing "the employer to possible liability, the employer cannot be held liable for an automobile accident that occurs while the employee is traveling to or from work. [Cit.]" *Clo White*, supra, 263 Ga. App. at 840.

The evidence clearly shows that Stasium was not on a special mission for his employer, Modern Continental, as he drove to work. See, e.g., *Chattanooga Publishing Co. v. Fulton*, 215 Ga. 880, 882 (3) (114 SE2d 138) (1960); *Jones v. Aldrich Co.*, 188 Ga. App. 581, 583 (1) (373 SE2d 649) (1988). In opposition to summary judgment, however, Hunter came forward with evidence showing that Stasium may have been on his cell phone regarding company business when the accident occurred or that he might have been distracted by an incoming call from Campbell, whom Stasium knew was calling to tell him that he would be late or that he needed something for his work as a welder when he arrived. Such evidence raises a jury question as to whether Stasium was acting within the scope of his employment upon the existence of business-related special circumstances at the time of the accident and the potential for vicarious liability in Modern Continental. *Clo White*, supra, 263 Ga. App. at 840.

Jury questions thus remaining, the trial court's grant of summary judgment for Modern Continental was error. *Clo White*, supra, 263 Ga. App. at 839.

*Judgment reversed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED OCTOBER 1, 2007.

*Herald J. A. Alexander*, for appellant.
*Swift, Currie, McGhee & Hiers, Kelley C. Herrin, Stephen M. Schatz*, for appellee.