A07A1788. WILLIAMS v. NGO.

(656 SE2d 193)

MIKELL, Judge.

On December 25, 2004, Jibade Azim Williams was injured in an automobile collision with Duy Q. Vo, who was allegedly intoxicated at the time. Vo was driving a vehicle rented by First Consulting Group, Inc. ("FCG"), for the use of its employee, Lam Dac Ngo. When the collision occurred, Ngo was a passenger in the vehicle driven by Vo. Williams brought this action against Vo, Ngo, and others, for injuries Williams sustained in the accident, asserting that Ngo was liable under the doctrine of negligent entrustment. The trial court granted summary judgment to Ngo, and Williams appeals. Finding no error, we affirm.

"On appeal from a grant of summary judgment, we conduct a de novo review, and we view the evidence and the inferences drawn from it in the light most favorable to the nonmoving party."[1] In order to prevail at summary judgment, "[a] defendant who will not bear the burden of proof at trial need only show an absence of evidence to support an essential element of the nonmoving party's case."[2]

Viewed in the light most favorable to Williams, the nonmoving party, the record reflects that Ngo went to a party at a friend's house around 2:00 or 3:00 on the afternoon of December 25, 2004. At that time, Ngo had the use of a rental car provided him by his employer, FCG. Vo was also in attendance at this party. Between 4:00 and 5:00 p.m., Ngo and Vo left that party in order to go to another party at the home of one of Vo's friends; Ngo let Vo drive the rental car, because Vo knew the way and Ngo did not. After 6:00 p.m., Ngo and Vo went to a gas station to pick up two friends. At 7:00 p.m., as Vo drove them from the gas station back to his friend's house, Vo collided with Williams at an intersection in Clarkston. Ngo, seat-belted in the front passenger

---

[1] (Citation and footnote omitted.) *Upshaw v. Roberts Timber Co.*, 266 Ga. App. 135 (596 SE2d 679) (2004).

[2] (Citation and punctuation omitted.) *Scott v. LaRosa & LaRosa*, 275 Ga. App. 96, 98 (2) (619 SE2d 787) (2005). See OCGA § 9-11-56 (e).

seat of the vehicle, was talking to the passengers in the back seat and did not see the collision occur; he suffered a head injury in the accident, was "in and out" of consciousness, and was later taken to the hospital by ambulance.

By the time police arrived at the scene, Vo and the two passengers in the back seat had left the vehicle. The investigating officer at the scene, Detective Sergeant Matthew D. Edwards of the Clarkston Police Department, saw Vo standing on the side of the road and suspected that he was the missing driver, but Vo denied it, and Ngo was not coherent enough, due to his head injury, to identify Vo as the driver. Several hours later, however, at 1:00 a.m., Vo came to the police department and spoke to Edwards, asking about the accident; Vo was intoxicated at that time. Vo was subsequently charged with running a red light, driving without a license, hit-and-run, and disorderly conduct in connection with the accident.

Ngo testified that he himself had one beer, and he saw Vo have one beer, at the first party they attended, some hours before the accident occurred; that he did not know if Vo had anything else to drink, although beer was served at the parties; that he did not know of Vo's tolerance for alcohol; that he did not remember any alcohol being in the car; that although he and Vo had socialized in the past and had drunk beer together, he did not know if Vo was intoxicated when the accident occurred; that Vo did not smell strongly of alcohol that evening; and that Vo was behaving normally, speaking normally, and walking normally, when Ngo gave him the keys to the car.

The trial court granted summary judgment to Ngo in Williams's personal injury action on the grounds that Williams had failed to come forward with any evidence indicating that Ngo had actual knowledge of Vo's incompetence when he allowed Vo to drive his rental car.

> Under the doctrine of negligent entrustment, a party is liable if he entrusts someone with an instrumentality, with *actual knowledge* that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness.[3]

---

[3] (Punctuation and footnote omitted; emphasis supplied.) *Danforth v. Bulman*, 276 Ga. App. 531, 535 (2) (623 SE2d 732) (2005) (affirming summary judgment for defendant owner on negligent entrustment claim on grounds of lack of actual knowledge, even though owner knew of driver's prior history of drinking and collisions), citing *Gunn v. Booker*, 259 Ga. 343, 347 (3) (381 SE2d 286) (1989) (affirming summary judgment to owner on claim of negligent entrustment of boat).

Here, Williams did not claim that Ngo had knowledge of a "habit of recklessness" on Vo's part; instead, Williams sought to impose liability on Ngo on the theory that Vo's mental condition — intoxication — caused him to be incompetent to drive. "It was therefore incumbent on [Williams] to show that [Ngo] had actual knowledge that [Vo] was incompetent to drive due to intoxication."[4]

Williams asserts that because the police officer at the scene detected the odor of alcohol on Vo, and because Vo showed up in an intoxicated state later at the police department, Ngo should have known that Vo was an incompetent driver when Ngo gave him the car keys. What the police officer knew, however, and what Vo did *after* the accident occurred, are irrelevant to the issue of Ngo's actual knowledge at the time of the accident.[5] "Knowledge of the driver's incompetency is an essential element of the rule which holds an owner liable for furnishing his automobile to an incompetent driver; and such knowledge must be actual rather than constructive."[6] The doctrine of negligent entrustment does not apply "merely because the owner, by the exercise of reasonable care and diligence, could have ascertained the fact of the incompetency of the driver."[7]

It is true, as Williams points out, that circumstantial evidence can demonstrate that the owner of a vehicle knew of the driver's incompetence, even though he denies such knowledge.[8] Such evidence is lacking here, however. While there is evidence that on the afternoon of December 25, 2004, Ngo and Vo were both at social functions where alcohol was served, there is no evidence that Ngo had actual knowledge that Vo was currently driving, or had a history of driving, while under the influence of alcohol. Contrary to Williams's contention, the fact that Ngo was a passenger in the car driven by Vo does not change the legal analysis. Williams did not introduce evidence that Ngo had actual knowledge of Vo's incompetent driving or of facts from which such knowledge could be inferred. Because this issue is "legally dispositive,"[9] Williams's claim for negligent entrust-

---

[4] (Citation omitted.) *Greene v. Jenkins*, 224 Ga. App. 640, 641 (1) (481 SE2d 617) (1997) (affirming summary judgment for defendant owner where owner knew that driver was exhausted and had been drinking, but did not have actual knowledge that driver was incompetent to drive due to alcohol consumption or exhaustion or both).

[5] See *Ingraham v. Marr*, 246 Ga. App. 445, 446 (1), n. 12 (540 SE2d 652) (2000) (driver's subsequent collision is irrelevant to issue of owner's knowledge at time of first collision).

[6] (Citations and punctuation omitted.) *Roebuck v. Payne*, 109 Ga. App. 525, 526 (2) (136 SE2d 399) (1964) (reversing trial court's denial of defendant owner's motion for judgment notwithstanding the verdict).

[7] (Citation omitted.) Id.

[8] Id. at 527 (3).

[9] (Citation and footnote omitted.) *Fletcher v. Hatcher*, 278 Ga. App. 91, 93 (2) (628 SE2d 169) (2006) (summary judgment for owner affirmed where affidavit of owner denying knowledge of driver's incompetence was not rebutted by any countervailing evidence). See *Clarke v. Cox*, 197 Ga. App. 83, 84 (1) (397 SE2d 598) (1990) (denial of defendant's motion for new trial

ment fails, and the trial court did not err in granting summary judgment to Ngo.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 19, 2007.

*Loren C. Collins*, for appellant.

*Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Sarah E. Tollison*, for appellee.

reversed); *Pugmire Lincoln Mercury v. Sorrells*, 142 Ga. App. 444, 447 (2) (236 SE2d 113) (1977) (reversing trial court's denial of defendant entrustor's motion for directed verdict).