A11A2363. LITTLEFIELD CONSTRUCTION COMPANY
v. BOZEMAN.
(725 SE2d 333)

MIKELL, Presiding Judge.

Jerry Bozeman was injured when Eddie Lewis, an employee of Littlefield Construction Company ("Littlefield"), ran into Bozeman's truck while driving a company-owned minivan. Bozeman filed

suit against Lewis and against Littlefield on the theory of respondeat superior. Littlefield sought summary judgment, and Lewis filed a motion to dismiss on venue grounds. The trial court denied both motions and granted a certificate of immediate review. We granted appellant's application for interlocutory appeal and for the reasons set forth below, we affirm.

Summary judgment is proper when the movant demonstrates that there is no genuine issue of material fact and the undisputed facts warrant judgment for the movant as a matter of law.[1] A defendant who will not bear the burden of proof at trial need not affirmatively disprove the plaintiff's case, but may point to an absence of evidence in the record to support some essential element in the plaintiff's cause of action.[2] If the defendant points to an absence of evidence in the record, the plaintiff cannot rest on his pleadings, but must identify specific evidence giving rise to a triable issue of fact.[3] If the plaintiff cannot identify specific evidence, summary judgment is properly granted to the defendant.[4] We review the denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant.[5]

So viewed, the record shows that Eddie Lewis worked for Littlefield as a laborer and assisted in tasks such as laying pipe and asphalt and operating heavy machinery. Littlefield owned a fleet of company vehicles that it occasionally allowed its employees to drive home, provided the employee asked for permission, drove "straight home and straight back to work," and kept the vehicle clean. On July 18, 2008, Lewis arrived at work and picked up a minivan owned by Littlefield to drive himself and a co-worker to a job in a neighboring town. After the work day was completed, Lewis dropped his co-worker off at the Littlefield shop, and then drove the minivan home for the weekend. Lewis testified in his affidavit that he decided to drive the minivan home because it needed to be cleaned and because he wanted to utilize the minivan's trailer hitch to haul a riding lawn mower over the weekend.

Lewis drove the minivan to his father-in-law's home, about a block out of the way from his normal route home, to pick up his son and a small utility trailer owned by his father-in-law. Lewis then left his father-in-law's house and on his way home, he rear-ended Jerry Bozeman's pickup truck. Bozeman then filed suit against Lewis for

---

[1] OCGA § 9-11-56 (c); *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

[2] *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010).

[3] Id.

[4] Id. at 623-624.

[5] *Home Builders Assn. of Savannah*, supra.

negligence and against Littlefield under the theory of respondeat superior. Littlefield filed a motion for summary judgment, alleging that it should not be liable under the doctrine of respondeat superior because Lewis was not driving the company vehicle during the scope and course of his employment at the time of the collision. Lewis filed a motion to dismiss, alleging that if the summary judgment motion were granted, Ware County would no longer have jurisdiction over the case. After oral argument, the trial court denied both motions and issued a certificate of immediate review. We granted appellant's application for interlocutory appeal, and this appeal followed.

1. Littlefield contends that the trial court erred in denying summary judgment as to Bozeman's claims alleging respondeat superior, arguing that it cannot be held liable for the accident because Lewis was on a personal mission when he rear-ended Bozeman's truck and therefore was not acting in the scope of his employment or in furtherance of Littlefield's business. We disagree.

Under Georgia law, "[t]wo elements must be present to render a master liable for his servant's actions under respondeat superior: first, the servant must be in furtherance of the master's business; and, second, he must be acting within the scope of his master's business."[6] Further, where a tort occurs as a result of a vehicle collision in which an employee was driving his employer's vehicle, the employer's liability must be analyzed pursuant to the burden-shifting framework espoused by the Supreme Court of Georgia in *Allen Kane's Major Dodge, Inc. v. Barnes*.[7]

Under this framework, a presumption arises that the employee was acting in the course and scope of his employment at the time of the collision, and the burden is on the employer to show otherwise.[8] An employer can overcome this presumption as a matter of law by coming forward with uncontradicted evidence showing that the employee was not acting in the course and scope of his employment.[9] The employer is thereafter entitled to summary judgment unless "other facts" are proffered — that is, additional evidence other than the fact that the vehicle was owned by the employer — from which a jury could reasonably infer that the employee was acting within the course and scope of his employment when the accident occurred.[10] Where the "other facts" are direct evidence, such is sufficient for the

---

[6] (Footnote omitted.) *Drury v. Harris Ventures, Inc.*, 302 Ga. App. 545, 546-547 (1) (691 SE2d 356) (2010).

[7] 243 Ga. 776 (257 SE2d 186) (1979).

[8] *Upshaw v. Roberts Timber Co.*, 266 Ga. App. 135, 136 (1) (596 SE2d 679) (2004).

[9] Id.

[10] *Hicks v. Heard*, 286 Ga. 864, 865-866 (692 SE2d 360) (2010).

case to go to the jury.[11] Where the "other facts" are circumstantial, however, such evidence will not defeat the employer's motion for summary judgment, unless it is sufficient to support a verdict in the plaintiff's favor.[12]

In the present case, Lewis admittedly was driving Littlefield's truck, which raised the presumption that he was acting in the course and scope of his employment. In response, Littlefield has not produced uncontradicted testimony that Lewis was not acting in the scope of his employment. The record shows that Lewis's main objective in driving at the time of the collision is in dispute. Although Lewis deposed that he planned to take the minivan home over the weekend to wash it for his employer, he also testified in an affidavit that he planned to use the minivan to take a utility trailer from his father-in-law's house so that he could drop both the utility trailer and a riding lawn mower off at his father-in-law's home on his way to work on Monday morning. Because the collision occurred *after* Lewis's personal errand of stopping by his father-in-law's house and while he was driving the minivan home to be washed, it is possible for a jury to determine that at the time of the collision, Lewis was on an errand within the scope of his employment.

Although Littlefield cites the rule that an employee going back and forth from work is not acting in the course and scope of employment, "that rule does not apply where the employer has provided the employee a vehicle which enables the employee more conveniently to perform a duty for the employer."[13] Several Georgia cases have concluded that summary judgment was inappropriate in similar cases. In *Barfield*,[14] the defendant's employee was driving his employer's vehicle while on a personal trip to Tybee Island when he decided to drive to the store to buy a new camera for work. The employee changed his mind on the way to the store and turned back to Tybee Island when he was involved in the collision. This court held that a jury could determine that the employee's choice to replace the camera "was . . . an errand" within the scope of his employment.[15]

In *Remediation Resources v. Balding*,[16] the defendant's employee drove his employer's truck to Statesboro intending both to go out to eat with his girlfriend and to pick up some items for work

---

[11] *Allen Kane's*, supra at 780.

[12] Id.

[13] (Citation omitted.) *Barfield v. Royal Ins. Co. of America*, 228 Ga. App. 841, 845 (2) (492 SE2d 688) (1997).

[14] Id. at 842.

[15] Id. at 845 (2).

[16] 281 Ga. App. 31, 32-33 (1) (635 SE2d 332) (2006).

when the collision occurred.[17] This court held that a jury issue was present as to whether the employee was acting in the scope of his employment at the time of the accident.

Cases cited by appellants are distinguishable from the facts of the case sub judice. In *Hicks v. Heard*,[18] the Supreme Court of Georgia held that an "on call" employee was not acting within the scope of her employment when driving her employer's vehicle home from school because she was not actively engaged in the employer's business at the time of the collision. Similarly, in *Collins v. Everidge*,[19] this court held that an employee was not acting within the scope of his employment when the collision occurred because although he had taken the employer's truck home over the weekend so he could pick up other employees on Monday morning, the collision occurred in an outing unrelated to driving the truck to and from work.

Unlike the employees in *Hicks* and *Collins*, however, there is evidence that Lewis was engaging in his employer's business at the time of his collision because although Lewis had made a personal stop on the way home, at the time of the collision, Lewis was driving the truck to his home so that it could be washed the next morning.

Based upon the above, the trial court did not err in denying Littlefield's motion for summary judgment as to Bozeman's respondeat superior claim.

2. Lewis appeals the trial court's denial of his motion to dismiss on the theory that if Littlefield were no longer a party to the lawsuit, venue would no longer be proper. Based upon our ruling in Division 1, this enumeration is rendered moot.

*Judgment affirmed. Barnes, P. J., and Dillard, J., concur.*

DECIDED MARCH 5, 2012.

*Coleman Talley, George T. Talley, Edward F. Preston*, for appellant.

*Day & Crowley, Scott C. Crowley, Bobby L. Scott, Morgan & Morgan, Keenan R. S. Nix, Christopher J. Graddock*, for appellee.

---

[17] Id.
[18] Supra.
[19] 161 Ga. App. 708, 708 (1) (289 SE2d 804) (1982).