**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 1, 2014**

# In the Court of Appeals of Georgia

A14A0620. DOUGHERTY EQUIPMENT COMPANY, INC. v. ROPER.

MILLER, Judge.

Adam Garland, a former employee of Dougherty Equipment Company, Inc. ("Dougherty"), was driving a company vehicle on his way to work when he was involved in an automobile accident with Linda Roper's vehicle. Roper sued Dougherty alleging that Dougherty was vicariously liable for Garland's actions under the doctrine of respondeat superior and directly liable for its negligent entrustment and hiring of Garland.[1] Dougherty moved for summary judgment on the vicarious liability claim on the ground that Garland was acting outside the scope of his employment at the time of the accident and that there was insufficient evidence to

---

[1] Roper also asserted claims for negligence against Garland, and Roper's husband asserted a claim for loss of consortium. These claims remain pending below.

support the remaining claims. The trial court denied Dougherty's motion, and we granted Dougherty's application for interlocutory review.

On appeal, Dougherty contends that the undisputed evidence shows that Garland was not acting within the course and scope of his employment when he was driving to work and, as a result, it was entitled to summary judgment on the vicarious liability and negligent hiring claims. Dougherty also contends that the evidence did not support a negligent entrustment claim. For the reasons that follow, we agree that Dougherty was entitled to summary judgment on Roper's claims for vicarious liability and negligent hiring, and, therefore, we reverse the denial of summary of judgment as to these claims. We affirm the trial court's denial of summary judgment as to the negligent entrustment claim, however, because issues of fact remain.

In order to prevail on a motion for summary judgment under OCGA § 9-11-56,

the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citations omitted.) *Benton v. Benton*, 280 Ga. 468, 470 (629 SE2d 204) (2006).

2

So viewed, the evidence shows that Dougherty employed Garland in July 2006 as a forklift technician. At that time, Garland's driver's license was under suspension because of a 2004 DUI conviction. Garland also had a DUI conviction in the late 1990s. Garland testified that Dougherty was aware that his driver's license had been suspended as a result of his 2004 DUI conviction. Garland was not allowed to drive a Dougherty company vehicle or his own vehicle for any business purpose because of his driving record.

In February 2007, Garland received a restricted driving permit for six months. Dougherty cleared Garland to drive for the company in March 2007 after obtaining a motor vehicle report (the "2007 MVR") from the State that reflected Garland's driving history for the previous three years. The 2007 MVR showed that Garland had a restricted driver's permit, and a 2004 conviction for failure to maintain lane. The 2007 MVR also included a notation under a section "miscellaneous/state specific information" that stated "Limited Permit 2DUI." Garland's driving privileges were fully restored in August 2007.

After Garland's driver's licence was restored, Dougherty assigned him a company van equipped with tools and equipment so that Garland could travel to various job sites to perform on-site maintenance and repair of forklifts. Dougherty

3

also allowed technicians, such as Garland, to take company vans home because technicians could be called out for a service call at any time, including after business hours and on weekends. On occasion, technicians would travel directly from their homes to a customer's location. The vans were to be used only for company business, and Dougherty issued Garland a company credit card to pay for fuel and other expenses related to the use of the company van.

Around 6 a. m. on the morning of May 16, 2008, Garland left his home in Dougherty's company van and drove toward the company office to receive his assignments for the day. A few miles from his residence, Garland was involved in an automobile accident with Roper when he failed to properly yield to oncoming traffic after coming upon a stop sign.

1. Dougherty contends that the trial court erred in concluding that it could be vicariously liable for Garland's actions because the evidence showed, at the time of the accident, that Garland was on his way to work and he was not acting on behalf of or performing a duty for Dougherty. Dougherty also contends that, because Garland was not acting within the scope of his employment, Roper's negligent hiring claim must also fail. We agree.

(a) "When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master." (Citation and punctuation omitted.) *Hicks v. Heard,* 286 Ga. 864, 865 (692 SE2d 360) (2010). "[W]here a tort occurs while an employee has stepped aside from his employer's business to do an act entirely disconnected from that business, the employer has no liability." (Citation omitted.) *Nelson v. Silver Dollar City, Inc.,* 249 Ga. App. 139, 145 (4) (547 SE2d 630) (2001). Moreover, "[i]t is well established that an employee on the way to work is not in the course of his employment but rather is engaged in a personal activity." (Citation and punctuation omitted.) *Farzaneh v. Merit Const. Co., Inc.*, 309 Ga. App. 637, 639-640 (710 SE2d 839) (2011).

Where a tort occurs as a result of a vehicle collision in which the employee was driving his employer's vehicle, however, the employer's liability must be analyzed under the burden-shifting framework espoused by the Supreme Court of Georgia in *Allen Kane's Major Dodge, Inc. v. Barnes*, 243 Ga. 776 (257 SE2d 186) (1979). Under this framework, a presumption arises that the employee was acting in the course and scope of his employment at the time of the collision, and the burden is then on the employer to show otherwise. *Hicks,* supra, 286 Ga. at 865. An employer

5

may overcome this presumption as a matter of law by presenting uncontradicted evidence showing that the employee was not acting in the course and scope of his employment. Id. at 865-866; see also *Farzaneh*, supra, 309 Ga. App. at 639.

> The employer is thereafter entitled to summary judgment unless "other facts" are proffered – that is, additional evidence other than the fact that the vehicle was owned by the employer – from which a jury could reasonably infer that the employee was acting within the course and scope of his employment when the accident occurred. Where the "other facts" are direct evidence, such is sufficient for the case to go to the jury. Where the "other facts" are circumstantial, however, such evidence will not defeat the employer's motion for summary judgment, unless it is sufficient to support a verdict in the plaintiff's favor.

(Footnotes omitted.) *Littlefield Const. Co. v. Bozeman*, 314 Ga. App. 601, 603-604 (1) (725 SE2d 333) (2012).

In this case, it is undisputed that Garland was driving Dougherty's company van on the morning when the accident occurred, and this created the presumption that Garland was acting in the course and scope of his employment. It is also undisputed, however, that Garland had not yet begun work at that time as he was traveling from home to the company office to receive his daily assignments. Since the uncontradicted evidence shows that Garland had not yet begun work at the time of the accident, Dougherty rebutted the presumption that Garland was acting in the course and scope of his employment. See *Betsill v. Scale Systems, Inc.*, 269 Ga. App. 393,

6

395 (1) (604 SE2d 265) (2004) (the general rule is that an employee is deemed to act only for his own purposes while commuting to work unless he undertakes a special mission at the employer's direction); see also *Matheson v. Braden*, 310 Ga. App. 585, 586-587 (713 SE2d 723) (2011) (although employee was driving employer's truck, the uncontradicted evidence showed that the employee was returning home to lunch at the time of the accident and, thus, was not acting in the course and scope of his employment). Accordingly, the burden shifted to Roper to show some "other fact" indicating that Garland was acting within the scope of his employment. Roper failed to do so.[2]

While the evidence shows that Garland was an "on call" technician, an employee's "on call" status is, at best, circumstantial evidence that Garland was acting in the scope of employment and, therefore, insufficient to defeat Dougherty's motion for summary judgment. *Hicks*, supra, 286 Ga. at 868-869. To show that Garland was acting in the scope of his employment, there must be evidence that he had, in fact, been called to duty and was acting pursuant to that duty at the time of the

---

[2] Roper correctly argues a presumption existed that Garland was acting in the scope of his employment at the time of the accident because Dougherty allowed Garland to use the company vehicle to ensure reliable transportation to and from work and Garland was an "on-call" technician. Contrary to Roper's argument, this presumption has been rebutted as discussed above, and Roper cites to no other facts showing that Garland was acting in the scope of his employment.

accident. Id. at 868; see also *Patterson v. Southeastern Newspapers, Inc.*, 243 Ga. App. 241, 244 (1) (533 SE2d 119) (2000) (although the mere fact that employee was on call does not mean he was acting within scope of employment, the fact that he was responding to an actual call at the time of the accident does).[3]

Moreover, the trial court correctly concluded that Garland was driving the van to fulfill *his* duty of arriving at work on time, and no evidence showed that Garland was undertaking a duty at Dougherty's direction at the time of the accident. In the absence of such evidence, Dougherty could not be held vicariously liable for Garland's torts. See, e.g., *Banks v. AJC Intl., Inc.*, 284 Ga. App. 22, 24-25 (1), (2) (643 SE2d 780) (2007) (employer entitled to summary judgment even though employee was driving a vehicle rented by employer because, at the time of the accident, the employee was not performing a service that could be considered in the prosecution of his employer's business or a special mission at the direction of the employer); *Braddy v. Collins Plumbing etc.*, 204 Ga. App. 862, 863-864 (420 SE2d 806) (1992) (employer entitled to summary judgment because there was insufficient

---

[3] Notwithstanding the trial court's statement that Garland was issued a company van to more conveniently perform a duty for the employer, the Georgia Supreme Court has rejected the reasoning that an employee is always performing an employer's duty simply by being on-call and having a company vehicle. See *Hicks*, supra, 286 Ga. at 874-875.

8

evidence to contradict employee's statement that he was driving work vehicle for the purpose of getting to work and nothing more). Compare *Hunter v. Modern Continental Const. Co., Inc.*, 287 Ga. App. 689, 691 (652 SE2d 583) (2007) (although employee was not on a special mission when traveling to work, evidence that he was taking a business call on his cell phone at the time of the accident was sufficient to create a jury question on the issue of whether employee was acting in the scope of his employment).

(b) Since Garland was not acting in the scope of employment at the time of the accident, Dougherty was also entitled to summary judgment on the negligent hiring claim because there is no evidence that Roper had a special relationship with Dougherty. In order for an employer to be liable for an automobile accident under the theory of negligent hiring and retention where, as here, the allegation is that the employee had a bad driving record and where the injured driver was merely a member of the general public on the public highway, "the accident could not have occurred while the employee was simply commuting to work but had to occur while the employee was engaged in [the employer's] business." (Citations and footnotes omitted.) *Video Warehouse, Inc. v. Southern Trust Ins. Co.*, 297 Ga. App. 788, 790 (1) (678 SE2d 484) (2009); see also *TGM Ashley Lakes, Inc. v. Jennings*, 264 Ga.

9

App. 456, 461-462 (1) (b) (590 SE2d 807) (2003) (an employer is shielded from liability for negligent hiring and retention when the tort is committed outside the scope of employment and against people who have no special relationship with the employer's business).

2. Dougherty contends that the trial court also erred in denying summary judgment as to the negligent entrustment claim. We disagree.

> Under the theory of negligent entrustment, liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his vehicle to another to drive, with *actual knowledge* that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness.

(Punctuation and citation omitted; emphasis supplied.) *Gill Plumbing Co., Inc. v. Macon*, 187 Ga. App. 481, 482-483 (2) (370 SE2d 657) (1988); *Williams v. Ngo*, 289 Ga. App. 44, 46 (656 SE2d 193) (2007) (knowledge must be actual not constructive).

In this case, the undisputed evidence shows that, when Dougherty hired Garland, it was aware that Garland's license had been suspended because of a 2004 DUI conviction. For this reason, Dougherty prohibited Garland from driving a company vehicle or even his own vehicle on company business. After Garland's license was reinstated, but before Garland was cleared to drive a company vehicle, Dougherty obtained the 2007 MVR that revealed that Garland had a 2004 conviction

10

for failure to maintain lane and that included the notation "Limited Permit 2DUI." This notation was clearly sufficient to create an inference for summary judgment purposes that Dougherty had knowledge that Garland had more than one DUI conviction – his 2004 DUI conviction and the DUI conviction in the late 1990s. Based on Dougherty's knowledge of a series of serious driving infractions by an employee, there is a question of fact on the issue of negligent entrustment. See *Ed Sherwood Chevrolet, Inc. v. McAuley*, 164 Ga. App. 798, 801-802 (1) (298 SE2d 565) (1982). Cf. *Smith v. Tommy Roberts Trucking Co.*, 209 Ga. App. 826, 828-829 (3) (435 SE2d 54) (1993) (jury question existed on negligent entrustment claim where evidence showed that employer had knowledge that employee had two traffic violations while driving a company vehicle in the course of one year and that employer would have discovered other traffic violations, including a DUI, had it fulfilled its legal obligation to investigate employee's driving record). Accordingly, we affirm the denial of Dougherty's motion for summary judgment on the negligent entrustment claim.

*Judgment affirmed in part and reversed in part. Doyle, P. J., and Dillard, J., concur.*