**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**September 24, 2014**

# In the Court of Appeals of Georgia

A14A1150. HALL et al. v. MASSALLY.

BARNES, Presiding Judge.

Curtis Hall, Irina Hall, and minor Scarlett Hall appeal the trial court's grant of summary judgement to Rachel Massally in this suit for personal injuries resulting from an automobile collision. Because the record establishes the existence of genuine issues of material fact for a jury to determine, we reverse.

Shortly after Massally deposed Curtis and Irina Hall, the trial court granted the motion of Halls' attorney to withdraw from the case. Six months later, Massally filed transcripts of the Halls' depositions with the trial court clerk, and three months after that Massally moved for summary judgment, relying in part on the Halls' depositions. In her motion, Massally argued that the Halls "failed to provide any admissible evidence that Defendant did anything wrong to cause the subject accident."

Approximately a week after the Halls' response to the motion was due, the Halls acting pro se asked the trial court by letter for permission to respond to the motion out of time, contending they had not received a copy of it. The trial court issued a rule nisi, directing the Halls to show cause why Massally's motion for summary judgment should not be granted. On the day of the hearing, an attorney for the Halls filed an entry of appearance and a response to the motion, which included the affidavit of a witness. The witness said that after Massally passed him at about 90 mph, he saw smoke and dust "just down the road," then saw Massally's car "go over the median and skid into a parking lot" and saw the Halls' car go over the curb into the grass.

Massally objected to the late-filed response and affidavit, and the trial court ruled that it would not consider the affidavit. Massally's counsel argued that Massally had been driving in the right-hand turn lane and had the right-of-way when Mr. Hall drove into her lane and hit her, although the record contains no evidence from Massally in the form of an affidavit or deposition. The Halls' counsel responded that she had initially been retained to represent the Halls for the limited purpose of attempting to negotiate a settlement, and that in the course of reviewing the court's docket she discovered the unanswered motion for summary judgment. She

2

recommended that the Halls ask the court for an extension of time to file a response, which they did, and the court then scheduled the motion hearing without ruling on their request.

As to the merits of the motion, the Halls argued that their deposition testimony was properly before the court and established the existence of questions of fact sufficient to withstand summary judgment. The trial court responded that the plaintiffs had presented "nothing for consideration by the Court." The trial court further noted that in their complaint, the Halls alleged that the accident was a rear-end collision, but "all the evidence before the court is that it was a side-impact collision." The court further commented that the depositions showed that Mr. Hall "moved into a lane that the defendant was in lawfully traveling." Four days after the hearing, the trial court issued an order stating that "after considering the entire record, the Court finds that there exists no genuine issue as to any material fact and Defendant is entitled to judgment as a matter of law."

1. The Halls contend that the trial court erred in granting summary judgment to Massally because, among other things, the evidence of record establishes the existence of genuine issues of material fact for a jury to determine. We agree.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law.

(Citation omitted.) *Clo White Co. v. Lattimore*, 263 Ga. App. 839 (590 SE2d 381) (2003). "Under Uniform Superior Court Rule 6.2, a party opposing a motion must file responsive material no later than 30 days after service of the motion. The failure of a nonmoving party to file responsive material, however, does not automatically entitle the moving party to judgment," *Neely v. Jones*, 264 Ga. App. 795, 796 (592 SE2d 447) (2003), for "[t]here is no such thing as a 'default summary judgment.' To affirm a grant of summary judgment, it must affirmatively appear from the record that no question of material fact exists and the moving party is entitled to judgment as a matter of law." *Crown Ford v. Crawford*, 221 Ga. App. 881, 882 (473 SE2d 554) (1996).

In his deposition, Mr. Hall testified that before he moved into the right turn lane, he turned his body toward the back of the car, looked over his right shoulder, and saw that the right lane next to him was "completely open." He could see one hundred to two hundred feet behind him and "there was nobody in the right lane." He

4

turned on his blinker and started moving over into that lane, but when his car had moved two to three feet into the lane, the impact occurred.

Mr. Hall also testified that the two vehicles locked together when they collided. According to him, Massally's vehicle dragged the Halls' car 20 to 30 feet across a median in the entrance and exit opening into the drug store parking lot where the Halls were headed to pick up something for their baby, Scarlett Hall, who was secured in the back seat. After the cars disengaged, Massally's vehicle continued up the hill "at a high rate of speed still" for another 75 to 85 feet. Defense counsel asked Mrs. Hall, "So you don't know how fast [Massally] was going?" Mrs. Hall responded,

> I can assume how fast because we [were] driving approximately like fifty miles an hour and then when she could not stop her car and her car is heavy, supposed to be able to stop like right away, especially after you hit one car. So I assume you would be able to stop. But since her car fly all the way to the pharmacy, . . . I would say she was about ninety. She was double.

The Halls' car spun around before finally stopping, and the baby was screaming and crying "like wild." The passenger side door was inoperable, so Mrs. Hall climbed out on the driver's side, retrieved Scarlett from the back, and rode with her to the hospital in an ambulance.

"By failing to respond to a motion for summary judgment, a party merely waives his right to present evidence in opposition to the motion. It does not automatically follow that the motion should be granted." *McGivern v. First Capital Income Prop.*, 188 Ga. App. 716, 717 (1) (373 SE2d 817) (1988). In this case, Mr. Hall's testimony that he turned completely around and saw no one in the lane next to him for 200 feet back before he began to change lane, Mrs. Hall's testimony that Massally was going at least double the Halls' speed, and both of the Halls' testimony that Massally's vehicle continued to travel another 75 to 80 feet after their car stopped is sufficient to create a jury question as to whether Massally caused the wreck by speeding.

Accordingly, we reverse the trial court's grant of summary judgment to Massally.

2. The Halls' remaining enumerations of error are moot.

*Judgment reversed. Boggs and Branch, JJ., concur.*