**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 7, 2022**

# In the Court of Appeals of Georgia

A22A0720. STEMBRIDGE v. PRIDE UTILITY CONSTRUCTION CO., LLC.

MARKLE, Judge.

Eboni Stembridge was injured in an auto accident when Andrew Reed ran a red light during his commute to a job site for his employer, Pride Utility Construction Co., LLC. Stembridge filed a negligence suit against Pride, alleging that Reed was acting in the scope of his employment at the time of the accident. The trial court granted summary judgment to Pride because there were no "special circumstances" that would overcome the general rule that an employer is not liable for an accident that occurred during an employee's commute to work. Stembridge now appeals. For the reasons that follow, we agree with the trial court's conclusion, and therefore affirm.

"On appeal from a trial court's grant or denial of summary judgment, our review of the record is de novo, and we construe the facts and all inferences drawn from them in the light most favorable to the nonmoving party." (Citation and punctuation omitted.) *Centurion Indus. v. Naville-Saeger*, 352 Ga. App. 342, 343 (834 SE2d 875) (2019).

So viewed, the record shows that, in February 2019, Reed was working as a welder for Pride at various job sites. On the morning of the accident, Reed was driving to his job site in the rain when he ran a red light and collided with Stembridge's car in the intersection. Reed was not engaged in any work-related phone calls at the time, and he did not make any work-related stops on his commute. Reed admitted that the accident was his fault, and he was cited for failure to obey a traffic signal.

Reed was driving his personal truck, many of the tools on board belonged to him, and there were no markings or signs with the company name on the truck. Pride did not pay for the truck or Reed's tools. Instead, Pride paid a "rig rate," which compensated Reed for the use of his personal tools, as well as gas and maintenance. Additionally, Pride required Reed to add its name to his personal insurance policy as an additional insured.

Reed was paid hourly for the time he worked, and the clock did not start to run until he was at the job site. On days where he arrived at the job site but was unable to work due to the weather, he received "show up" pay equivalent to two hours' wages, which compensated him for the commute. The show-up pay was the same amount regardless of the length of time or the distance of the commute. On the day of the accident, Reed did not receive the show-up pay because he never made it to the job site.

Following the accident, Stembridge sued Reed and Pride on the ground that it was vicariously liable for Reed's conduct.[1] Both Pride and Stembridge moved for summary judgment, and, following a hearing, the trial court granted Pride's motion for summary judgment and denied Stembridge's cross motion.

Stembridge now appeals, arguing that (1) the trial court erred in granting Pride's motion for summary judgment because (a) Reed admitted he was acting in the scope of his employment, and (b) there were special circumstances that rendered Pride vicariously liable for her injuries; and (2) she was entitled to summary judgment. We disagree.

---

[1] Stembridge also alleged negligent hiring, retention, and entrustment, but later withdrew those claims.

It is well-settled that

> [e]very master shall be liable for torts committed by his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily. When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master. The test is not that the act of the servant was done during the existence of the employment, but whether the servant was at that time serving the master. While a jury frequently must resolve whether an employee acted in furtherance of his master's business and within the scope of his employment at the time an injury was inflicted, the evidence in some cases is so plain and undisputable that the court may resolve a respondeat superior claim as a matter of law.

(Citations and punctuation omitted.) *DMAC81 v. Nguyen*, 358 Ga. App. 170, 172 (853 SE2d 400) (2021); see also *Centurion Indus.*, 352 Ga. App. at 344-345 (1); OCGA § 51-2-2. Because Reed was driving his own car, rather than Pride's vehicle, at the time of the accident, there is no presumption that he was acting in the scope of his employment.[2] *Centurion Indus.*, 352 Ga. App. at 345 (1); cf. *Farzaneh v. Merit*

---

[2]Although Stembridge argues that the truck was "an extension" of Pride given the amount of supplies and tools on board at the time of the accident, the record is undisputed that Pride did not pay for, finance, or assist Reed in any way in his purchase and ownership of it, nor did it pay for any repairs to the truck after the

*Constr. Co.*, 309 Ga. App. 637, 639-640 (710 SE2d 839) (2011); compare *Dougherty Equip. Co. v. Roper*, 327 Ga. App. 434, 436-437 (1) (a) (757 SE2d 885) (2014) (discussing burden shifting analysis in place when the presumption applies).

"There is a longstanding general rule that an employee is engaged in a purely personal matter while commuting to or from work." (Citation omitted.) *DMAC81*, 358 Ga. App. at 172. We have held, however, that there is an exception to this general rule that allows an employer to be held liable for its employee's actions while commuting to or from work where there are "special circumstances."[3] *Hargett's Telephone Contractors v. McKeehan*, 228 Ga. App. 168, 170 (491 SE2d 391) (1997); see also *Clo White Co. v. Lattimore*, 263 Ga. App. 839 (590 SE2d 381) (2003). With this precedent in mind, we turn to Stembridge's arguments.

1. *Pride's motion for summary judgment*.

Stembridge argues that Reed was in the scope of his employment at the time of the accident because Reed testified that he was on the clock, and Pride reimbursed

accident. Thus, we do not treat this case as one in which the presumption would apply.

[3] Stembridge does not argue that the "special mission" exception is applicable here. See *Farzaneh v. Merit Constr. Co.*, 309 Ga. App. 637, 643 (710 SE2d 839) (2011).

5

Reed for his commute in the form of show-up pay. Alternatively, she contends that there are special circumstances that place Reed's commute in the scope of his employment. We are not persuaded.

As noted, the general rule is that an employee on his commute to work is not acting in the scope of employment. See *Farzaneh*, 309 Ga. App. at 641. Stembridge contends, however, that Reed's commute was in the scope of his employment because he received show-up compensation that covered the cost of his commute, he believed that he was on the clock, and his belief can be imputed to Pride under agency theory. But none of these circumstances show that Reed was acting in the scope of his employment. Id. at 640-641. To the contrary, the show up payment was unrelated to the actual length of the commute and, most tellingly, there was *no* show-up payment if Reed worked his shift at the job site. Cf. *Betsill v. Scale Systems*, 269 Ga. App. 393, 394 (604 SE2d 265) (2004) (in the context of the special mission exception, employee was not in scope of employment during commute even though he was dropping off items for employer, where he was not paid for the time he spent making the delivery).

As to Reed's belief that he was on the clock, we note that his testimony was equivocal at best; during other portions of his testimony, he admitted that the time clock did not begin until he arrived at the job site and that he was not engaged in any

6

company business during his commute. Thus, Reed's testimony would not establish that he was in the scope of employment at the time of the accident. *Dougherty Equip. Co.*, 327 Ga. App. at 437 (1) (a) (employee in accident on commute into work was not performing duty for employer but was performing *his* duty to arrive on time for his job); cf. *Hobbs v. Integrated Fire Protection*, 357 Ga. App. 790, 798 (1) (850 SE2d 256) (2020) (employer cannot ratify and thus be bound by employee's conduct where the act was not done in furtherance of the employer's interest and in the scope of employment).

Moreover, Reed was not Pride's agent for purposes of his testimony.[4] "Agency may be established by the declarations of an agent if there is corroborating evidence to prove the agency." *Fuller v. Charter South*, 216 Ga. App. 211, 212 (1) (453 SE2d 754) (1995). Here, however, there is no corroborating evidence to show that Reed

---

[4] The cases Stembridge cites in support of her agency claim are distinguishable. See *The PepBoys - Manny, Moe & Jack v. Yahyapour*, 279 Ga. App. 674 (632 SE2d 385) (2006); *Fuller*, 216 Ga. App. at 212 (1). First, in *The Pep Boys*, the employee was driving the employer's car at the time of the accident, and thus there was a presumption that the employee was in the scope of employment at the time he worked for Pep Boys. 279 Ga. App. at 675-677 (4). No such presumption applies here. And, in *Fuller*, there was no evidence of agency because the employer did not own the truck, and thus no presumption arose that the employee acted in the scope of his employment, and the employer testified that the employee was not in the scope of employment. 216 Ga. App. at 212 (1). Thus contrary to Stembridge's argument, *Fuller* supports the conclusion here that Reed was not Pride's agent.

7

was Pride's agent at that time. Reed never asserted that he was Pride's agent. The fact that Pride's corporate witness did not disagree with Reed's belief as to the purpose of the show-up pay does not provide corroboration of an agency relationship. See *Chappell v. Junior Achievement of Greater Atlanta*, 157 Ga. App. 41, 43 (276 SE2d 98) (1981) (employee's testimony was insufficient to overcome presumption that employee was in scope of employment when he was commuting to work in a vehicle the employer owned); see also *Barfield v. Royal Ins. Co. of America*, 228 Ga. App. 841, 844 (2) (492 SE2d 688) (1997) (rejecting employee's sworn statements that he was in the scope of his employment at the time of the accident because employee made statements after employer fired him and not contemporaneously with accident).

We also do not conclude that the special circumstances exception is applicable here. *DMAC81*, 358 Ga. App. at 173 (1); *Hargett's Telephone Contractors*, 228 Ga. App. at 170. Although we have identified various factors relevant to the exception, such as the presence of the employer's materials in the employee's vehicle; use of a vehicle stipend; and whether the employee carried a phone for work-related calls during the commute, we have never held that such factors, standing alone, were sufficient to impose vicarious liability. *DMAC81*, 358 Ga. App. at 173 (1); *Farzaneh*, 309 Ga. App. at 641 (no special circumstances where employee kept at least one of

8

employer's tools in his truck, and received a vehicle stipend). Rather, we have typically required something more — some affirmative act by the employee to benefit the employer in order to place the commute in the scope of employment. See *Archer Forestry v. Dolatowski*, 331 Ga. App. 676, 679-680 (3) (771 SE2d 378) (2015) (no special circumstances existed to hold employer liable where employee was on commute home and there was no evidence he was engaged in any work-related phone calls during the drive); *Tyner v. Comfort Rest Sleep Products*, 236 Ga. App. 423, 424 (512 SE2d 321) (1999) (no special circumstances where employee's vehicle contained employer's materials); *Schofield v. Cox Enterprises*, 212 Ga. App. 354, 354-355 (441 SE2d 693) (1994) (no exception where employee received vehicle stipend); *Braddy v. Collins Plumbing & Constr.*, 204 Ga. App. 862, 864 (420 SE2d 806) (1992) (fact that employee's truck had two-way radio for communications with employer, as well as parts and tools for use of other employees insufficient to apply exception); compare *Cotton v. Prodigies Child Care Mgmt.*, 363 Ga. App. 376, 380-381 (870 SE2d 112) (2022) (factual question regarding special circumstances where employee was trying to call employer while driving to report that she would be late returning from her lunch break, in accordance with workplace policy); *Hunter v. Modern Continental Constr. Co.*, 287 Ga. App. 689, 691 (652 SE2d 583) (2007)

9

(factual question about whether employee was on a call regarding company business during commute to work raised jury question about special circumstances exception); *Clo White*, 263 Ga. App. at 840 (same).

Here, Stembridge points to the rig rate, the show-up pay, the presence of Pride's tools on the truck, and the fact that Reed listed Pride on his insurance policy to establish special circumstances. But none of these factors, individually or in combination, are sufficient to establish the special circumstances exception. *Farzaneh*, 309 Ga. App. at 641; *Tyner*, 236 Ga. App. at 424; *Schofield*, 212 Ga. App. at 354-355. Instead, it is undisputed that Reed was not engaged in any activity to benefit his employer during his commute; he was not conducting any business or work-related calls during the drive; and he did not make any work-related stops. Compare *Cotton*, 363 Ga. App. at 380-381; *Hunter*, 287 Ga. App. at 691; *Clo White*, 263 Ga. App. at 840. As such, there is no special circumstance such that Reed's commute was in the scope of his employment. To conclude otherwise would effectively subject an employer to liability for every commute, and the exception would swallow the rule. We decline to take that step. Accordingly, we conclude that the trial court properly granted Pride's motion for summary judgment.

2. *Stembridge's motion for partial summary judgment*.

10

Based on our conclusion in Division 1 that the trial court properly granted summary judgment to Pride, this enumeration is without merit.

*Judgment affirmed. Dillard, P. J., and Mercier, J., concur*.